CHARLES A. CLARK, D. C. BROWN, J. F. HAMMOND, R. H. CARSWELL AND ROBERT E. MERRITT, AS AND CONSTITUTING THE BOARD OF COUNTY COMMISSIONERS OF DUVAL COUNTY, FLORIDA, *Appellants,* v. S. J. MELSON, *Appellee.*

Decision Filed August 15, 1921.

An Appeal from an Order of the Circuit Court within and for the County of Duval; George Couper Gibbs, Judge.

*J. Turner Butler* and *L. S. Gaulden,* for Appellants;

*John T. G. Crawford* and *Wm. K. Jackson,* for Appellee.

PER CURIAM.—This cause having heretofore been submitted to the Court upon the transcript of the record of the order aforesaid, and briefs and argument of counsel for the respective parties, and the record having been seen and inspected, and the Court being now advised of its judgment to be given in the premises, it seems to the Court that there is no error in the said order; it is, therefore, considered, ordered and adjudged by the Court that the said order of the Circuit Court be, and the same is hereby affirmed.

TAYLOR AND WHITFIELD, J. J., concur.

WEST, J., specially concurs.

BROWNE, C. J., and ELLIS, J., dissent.

WEST, J., Concurring.—This appeal is from an order of the Circuit Court granting a temporary injunction in accordance with the prayer of the bill. Two questions are presented. The first relates to the parties defendant. Under it the contention is made that necessary parties are not made defendants. But this defect, if the contention is sound, may be corrected at any time before final decree in the court below. Camp Phosphate Co. v. Anderson, 48 Fla. 226, 37 South. Rep. 722.

The second is upon the merits. The general doctrine is that whether a preliminary injunction shall be granted rests in the sound discretion of the trial court and upon appeal an order granting or denying such an injunction will not be disturbed unless contrary to some rule of equity or the result of improvident exercise of judicial discretion. Meccano, Ltd. v. Wanamaker, 253 U. S. 136. It is not apparent that the order appealed from is not in accord with this rule. On the contrary there seems to be ample warrant for it in the allegations of the bill verified by affidavits of complainant and others. Bids for supplying materials for counties under the provisions of Section 1486, Revised General Statutes of Florida, 1920, should be predicated upon adequate specifications of such materials. Without such specifications of materials bids for supplying same cannot, in the nature of things, be competitive for the obvious reason that the several bids may not contemplate supplying identical materials.