

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Peyton Burke
County Auditor
Falls County
Marlin, Texas

Dear Sir:

Opinion No. O-770
Re: Approval by county auditor of
payment of sum in excess of
maximum amount set out in
"Notice to Bidders".

This will acknowledge receipt of your letter
of June 22nd, from which we quote the following:

"On May 31, 1939 the Commissioners'
Court of Falls County instructed the
County Auditor to advertise for bids for
one maintainer with certain specifications
and to give notice that same would be paid
for in cash not to exceed $4,000 f.o.b.
Lott, Texas. None of the equipment called
for in the specifications was optional.

"I am attaching a copy of our "Notice
to Bidders" as it actually appeared in the
Marlin Democrat on June 6th and June 13th.

"When the bids were opened on June 21,
1939, R. B. George Machinery Co. was found
to have a net bid of $3,874.20 and Lewis-
Patten Co. a bid of $4,160.30. The court
accepted the bid of Lewis-Patten Co. for
$4,160.30.

"The question that I would like to have
answered at this time is this: Can I, as

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL

County Auditor, legally approve for payment
to Lewis-Patten Co. a sum that exceeds the
maximum amount set out in our 'Notice to
Bidders'? If this is answered in the nega-
tive, can the Commissioners' Court legally
leave off some of the extra equipment called
for in the specifications in order to make
the net cost to Falls County not exceed
$4,000?"

The notice you enclosed reads as follows:

"'NOTICE TO BIDDERS'

"SBaled proposals will be received until
10 o'clock a. m. June 21, 1939, by Peyton
Burke, County Auditor, for furnishing Falls
County with one maintainer. Notice is given
that the total cost to Falls County shall
not exceed $4,000 f.o.b. Lott, Texas.

"Terms: Cash on delivery.

"Specifications may be had at the office of
the County Auditor.

"Usual rights reserved.

> "Peyton Burke
> COUNTY AUDITOR
> Falls County"

The above notice was apparently intended to
come within the terms of Article 1659, R. C. S. 1925, as
follows:

"Bids for material - Supplies of every
kind, road and bridge material, or any other
material, for the use of said county, or any
of its officers, departments, or institutions
must be purchased on competitive bids, the
contract to be awarded to the party who, in
the judgment of the commissioners court, has



submitted the lowest and best bid. The
county auditor shall advertise for a period
of two weeks in at least one daily newspaper,
published and circulated in the county, for
such supplied and material according to spe-
cifications, giving in detail what is needed.
Such advertisements shall state where the
specifications are to be found, and shall
give the time and place for receiving such
bids. All such competitive bids shall be
kept on file by the county auditor as a part
of the records of his office, and shall be
subject to inspection by any one desiring
to see them. Copies of all bids received
shall be furnished by the county auditor to
the county judge and to the commissioners
court; and when the bids received are not
satisfactory to the said judge or county
commissioners, the auditor shall reject
said bids and re-advertise for new bids.
In cases of emergency, purchases not in ex-
cess of one hundred and fifty dollars may be
made upon requisition to be approved by the
commissioners court, without advertising
for competitive bids."

In Article 1661, R. C. S. 1925, we find the
following command to the county auditor:

"He shall not audit or approve any such
claim unless it has been contracted as pro-
vided by law...."

From the above and foregoing statutes appears
a clear legislative intent to declare the public policy
of this state to require competitive bids when purchases
are made such as we here consider. One of the objects
of the statutes is to secure fair competition upon equal
terms to all bidders; to secure the best values for the
county at the least expense and to afford an equal advan-
tage to all desiring to do business with the county by



affording an opportunity for an exact comparison of bids. See the cases of Wyatt Metal & Boiler Works vs. Fannin County (Tex. Civ. App.) 111 SW 2nd 787; Wester vs. Belote (Sup. Ct. Fla.) 138 So. 721; Poyner vs. Whiddon, (Sup. Ct. Ala.) 174 So. 507.

The advertisement, or "Notice to Bidders", quoted above, was an integral and essential part of the process required by the plain terms of Article 1659, supra. Clearly, the court would not be authorized to purchase the maintainer without seeking competitive bids, according to specifications on file with the auditor. In seeking the competitive bids the court followed the method prescribed by the statutes and advertised in the newspaper. Any who desired to do so had the legal right to submit a bid. In the same notice soliciting bids was the unqualified and unconditional assertion that the total cost to Falls County should not exceed $4,000.00, f.o.b. Lott, Texas. We submit that while the commissioners' court was clearly not required by statute to place the limitation as to price at any figure, having done so and the advertisement being published in compliance with the order of the court giving notice to the world and to all who might desire to enter a bid for the specified maintainer that the total cost to Falls County should not exceed a stated amount, to permit the county to enter into the contract mentioned and to violate the very terms of the notice would effectively serve as a throttle to the competition which is the aim and object of the statute.

We therefore respectfully answer your first question in the negative, and you are advised that it is our opinion the claim submitted to you was not contracted as provided by law in contemplation of Article 1661, supra, and should therefore be rejected.

Your second question is answered in the following quotation from the case of Wester vs. Belote, supra, where the principle of law applicable is succinctly stated:

"It has been generally recognized and held by the courts that it is the duty of public officers charged with the responsibility



of letting contracts under the statute to
adopt, in advance of calling for bids,
reasonably definite plans or specifications,
as a basis on which bids may be received.
Such officers, in view of such requirement,
are without power to reserve in the plans
or specifications so prepared in advance of
the letting the power to make exceptions,
releases, and modifications in the contract
after it is let, which will afford opportunities
for favoritism, whether any
favoritism is actually practiced or not.
Neither can they include other reservations
which by their necessary effect will render
it impossible to make an exact comparison
of bids. Clark vs. Nelson, 82 Fla. 230,
89 So. 495; Dillon, Municipal Corp., para.
807, page 1211; 15 C. J. 550; 19 R. C. L.
1070; 3 McQuillan on Municipal Corp. (2nd
ed.) pages 885, 886."

We therefore likewise answer your second question
in the negative and you are advised the commissioners'
court is without legal authority to permit change in the
specifications after an attempted letting of the contract.

We exceedingly regret the circumstances which
prevented our answering your opinion request at an earlier
date.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Benjamin Woodall_

Benjamin Woodall
Assistant

BW:AW

WRW