MILDRED DAVIS, INC. *v.* HOPKINS ET VIR.

(Two Appeals In One Record)

[No. 178, September Term, 1960.]

*Decided April 4, 1961.*

The cause was argued before BRUNE, C. J., and HENDER-SON, HAMMOND, HORNEY and MARBURY, JJ.

*Joseph H. Colvin* for the appellant.

*Philander B. Briscoe* for the appellees.

BRUNE, C. J., delivered the opinion of the Court.

Appeals in two separate cases involving the sale of the same goods have been consolidated for consideration in this Court.

By the first appeal the appellant seller, a woman's apparel shop, Mildred Davis, Inc., seeks to reopen and revive a case in which it had obtained a judgment against a customer, Mrs. Hopkins, for such amount as she admitted to be due, the balance being left open for trial, and had some months thereafter entered an order of dismissal without prejudice. By the second appeal, which is from the same court, the seller seeks to reverse a judgment of non pros as to Mrs. Hopkins in the second suit, which it brought in May, 1957, against Mrs. Hopkins and her husband, soon after dismissing the first suit. This appeal also brings up for review a prior order in that case sustaining Mrs. Hopkins' demurrer to the plaintiff's replication to two of Mrs. Hopkins' pleas, which set up the first suit as the foundation for defenses based upon *res judicata* and the splitting of a cause of action.

We shall first take up the appeal in the first case. In that case the dress shop, on September 27, 1956, sued Mrs. Hopkins alone and sought a summary judgment for $3,741.94, representing the difference between the aggregate amount of charges for goods sold and a credit on account of a payment. Mrs. Hopkins filed pleas admitting liability for the purchase of goods aggregating $1,514.60 less credits of $577.45, leaving a net admitted indebtedness of $937.15. Judgment in favor of the plaintiff for this amount was extended by order of court on October 19, 1956. The order concluded thus: "the balance claimed by the Plaintiff to remain open until the trial of this matter." Following sundry interrogatories and answers and exceptions thereto, extending from November, 1956, to February, 1957, the plaintiff obtained an order for supplementary proceedings to be held on April 13, 1957. No transcript of such proceedings is before us, but apparently they gave the plaintiff a new idea and new hope. Two new moves followed. First, on May 2, 1957, the plaintiff's then counsel filed an order reading as follows: "Mr. Clerk: Please enter the above entitled case DISMISSED without prejudice." Second, the plaintiff filed its second suit on May 28, 1957, against both Mrs. Hopkins and her husband, Dr. Hopkins, by which it sought to recover the price for precisely the same articles as in the first suit less the same credit as in the first suit.

On April 4, 1960, the plaintiff's original counsel filed an order in the first case directing the Clerk of the Superior Court to strike out the order of dismissal without prejudice filed by him on May 3, 1957.[1] On the same day, April 4, 1960, the plaintiff's original counsel entered an order to strike out his appearance, and the plaintiff's present counsel also on that day filed an order to enter his appearance as counsel for the plaintiff and an application to strike out the order of dismissal of May 3, 1957, alleging that this order was "without validity and ineffectual to conclude said case, particularly since no Court Order to dismiss has been entered by the Court," and seeking leave to amend the declaration so as to include Dr. Hopkins as a party defendant. The defendant, Mrs. Hopkins, filed an answer to this application on April 18, 1960, to which the plaintiff demurred. Then followed a motion by the plaintiff (filed in each suit) to consolidate the first and second cases, which motion Mrs. Hopkins also answered. On June 2, 1960, Judge Harlan entered an order denying the plaintiff's application to strike its 1957 order of dismissal and to reinstate the case and for leave to amend. This is the first order appealed from. (There was no specific order on the motion to consolidate, but the order of June 2nd would seem to have made such a ruling superfluous.)

The appellant has submitted no authority whatever to show that the judgment of October 19, 1956, is not a valid and subsisting judgment, and we know of no reason or authority which would uphold the appellant's contention. Counsel can, of course, file an order of satisfaction (Md. Rules 603 and 3 a) ; but the order here in question was nothing of the sort.

A contention that either a party or his counsel can "dismiss" and so nullify the judgment of a court is simply preposterous. The voluntary dismissal of the balance of the plaintiff's claim was, however, permitted and effectual under Md. Rule 541. The claim of the appellant that it was entitled under Md. Rule 320 to amend is wholly devoid of merit. Its

1. According to the docket entries, the correct date was May 2, 1957, as above shown.

motion was too late as to that part of the claim covered by the judgment (Md. Rule 320 c 1); it could not be used as a means of reviving the suit as to the balance of the claim since the appellant itself had put its suit for the balance completely out of existence. The order of June 2, 1960, was clearly correct and is affirmed.

The second case is replete with pleadings and with interrogatories, demands for particulars and answers and exceptions thereto. We think it unnecessary to review them in detail. The suit was filed, as stated, on May 28, 1957, a few weeks after the dismissal of the first suit. It was based upon the same cause of action as the first, except that it alleged that the goods had been sold to Mrs. Hopkins and her husband, and both were made defendants. Process was issued and Mrs. Hopkins was served, but no service was had on Dr. Hopkins, nor did he appear voluntarily. As the case was heard below and as it comes to us, only Mrs. Hopkins' liabilities and defenses are at issue.

The declaration is in a single count for goods sold. They have been fully itemized. Mrs. Hopkins filed four pleas. The first two are general issue pleas; the third and fourth set up the proceedings in the first case as a bar to the second suit. The third plea raised the defense of *res judicata;* the fourth invoked the rule against splitting a cause of action. The plaintiff filed a replication which, by paragraphs numbered 1 and 2, traversed the two general issue pleas, and by paragraphs 3 and 4 alleged that the prior suit and the prior judgment, respectively, against Mrs. Hopkins alone had been voluntarily dismissed without prejudice in order to bring the second suit against both defendants. Mrs. Hopkins demurred to replications 3 and 4, and her demurrer was sustained on December 4, 1957. The plaintiff sought and obtained a rehearing, but on April 1, 1958, Judge Byrnes filed a memorandum opinion and order reinstating his previous rulings and sustaining the defendant's demurrer to replications 3 and 4. Since the defendant's third and fourth pleas went to plaintiff's whole case, we see no reason why, after her demurrer to the replication thereto had been sustained and the time for amendment had

passed, the defendant could not have obtained a final judgment for costs, though she did not do so. For whatever may have been the reason or reasons, the case simply lay dormant until May, 1960, when the plaintiff's new counsel entered the case. His activity prompted the motion for a judgment of non pros, which Judge Foster finally granted, after hearing, on July 1, 1960, on which date judgment absolute for the defendant for costs was entered.

The appeal in this case is from that judgment, which is based upon Judge Foster's granting of Mrs. Hopkins' motion for a judgment of non pros. In considering it, it seems appropriate to examine the status of the case and what had gone before. As to that, Judge Byrnes' order is most significant; and we may assume that under the general rule that an appeal from a final judgment brings up for review prior interlocutory orders, it is now open to review.

That order, we think, was correct under the holding of this Court in *Carlin v. Fischer,* 212 Md. 526, 129 A. 2d 827, in which Judge Hammond, speaking for the Court, said (212 Md. at 533): "A judgment or decree in a suit for a part only of a single cause of action or entire claim permits *res judicata* to be successfully relied on if the remainder is sued on later." It is evident from what we have already said that the first suit was for the same sales of goods as the second. The plaintiff did not merely start that suit and then dismiss it before any judgment had been rendered therein, and file a new suit. On the contrary, the plaintiff had carried the first suit through to judgment as to a part of her claim, then dismissed it and several weeks later started its new suit against the original defendant and her husband. Because of the plaintiff's having obtained the judgment, the rule of *Hamlin Machine Co. v. Holtite Mfg. Co.,* 197 Md. 148, 78 A. 2d 450, and similar cases, relating to election of remedies where no judgment has been obtained, does not apply.

The plaintiff was plainly and greatly in default for failure to file any further pleading for two years after the demurrer to its replication to the defendant's third and fourth pleas had been sustained. We note that when the plaintiff did

belatedly file a motion for leave to file an amended declaration, one of the purposes of which was said to be "to cure the alleged defects in the * * * replications," it failed to state how it proposed to do so and the obstacle presented by the rule of the *Carlin* case seems insuperable. Nothing has been presented to us by brief or oral argument which we think would lead to a different conclusion from that of Judge Byrnes. A judgment for the defendant, Mrs. Hopkins, for costs was appropriate at the time of Judge Byrnes' ruling on the demurrer and it remained so. We find no error in Judge Byrnes' sustaining of the demurrer or in Judge Foster's granting of the defendant's motion for a judgment of non pros. In view of what we have said above, it was certainly no abuse of discretion for the latter to deny leave to make an unspecified and apparently futile amendment and to enter final judgment for the defendant, Mrs. Hopkins. Since Dr. Hopkins was not summoned and did not appear in the proceedings we are not passing upon his liabilities or defenses.

*Judgments affirmed, with costs.*