179 So.2d 864 (1965)
CITY OF MIAMI BEACH, a municipal corporation, and Irving M. Ellis, Jr., d/b/a Junior's Tackle Shop, Appellants,
v.
David KLINGER and 825, Inc., a Florida corporation, Appellees.
No. 65-251.
District Court of Appeal of Florida. Third District.
November 9, 1965.
Rehearing Denied December 3, 1965.
*865 Joseph A. Wanick, City Atty., Leef & Ankus, Miami Beach, for appellants.
Irving Cypen, Miami Beach, for appellees.
Before TILLMAN PEARSON, CARROLL and SWANN, JJ.
SWANN, Judge.
This is an appeal from a final decree declaring invalid a lease concession agreement between the City of Miami Beach and Irving M. Ellis, Jr.
The City, pursuant to its charter, published an invitation for sealed bids for the "dockage concession of for hire charter fishing boats only for a five year period". Appellant Ellis and Appellee 825, Inc. submitted sealed bids. Upon opening, it was disclosed that Ellis had made two bids. The first bid was for a five-year period in accordance with the advertised invitation, and was $19,000.00 higher than that of the second bidder. His alternative bid was an additional supplemental offer based upon the City granting him an additional five-year term by way of an option, with a substantial increase in the yearly revenue to the City. The supplemental offer also committed Ellis to substantial improvements in excess of $20,000.00.
After considering the proposals submitted by Ellis and 825, Inc., the City Council, by resolution, instructed the City attorney to prepare a lease between the City and Ellis. The lease was for a period of five years with an option for an additional period of five years, pursuant to the supplemental offer of Ellis. Possession of the dock was turned over to Ellis on December 31, 1964. Pursuant to said lease, Ellis made substantial permanent improvements and entered into various contracts with third parties in furtherance of the enterprise.
Appellee Klinger, a citizen and taxpayer of the City of Miami Beach, was also interested in bidding on the concession, but did not do so because of the specifications calling for a five year term. On January 7, 1965, Klinger and 825, Inc. filed a complaint for declaratory decree, demanding a declaration of their rights under the terms of the City Charter of the City of Miami Beach and the specifications and the actions of the City in awarding the lease to Ellis, or in the alternative that the contract between *866 Ellis and the City be declared null and void.
After final hearing, a final decree was entered, (1) declaring the agreement to be in violation of the Charter of the City and null and void; (2) enjoining the parties from acting under the agreement; (3) ordering the City to prepare appropriate specifications if it desired to resubmit the concession agreement for bids, and (4) reserving jurisdiction of the cause for the entry of such further orders as might accord with equity and justice.
The City, in its answer, admitted that this was a recreational facility; therefor under the terms of its Charter sealed bids were required.
The specifications prepared by the City recited:
* * * * * *
"* * * the successful bidder shall operate the Chamber of Commerce Docks for the dockage of for hire charter fishing boats only for a 5-year period beginning on or about [December 1, 1964] in the manner set forth in these Specifications."
* * * * * *
It is apparent, therefore, that the proposed bid of Ellis differed materially and substantially from that invited by the City and submitted by the other bidder.
We adopt the language of the Supreme Court of Florida in Wester v. Belote, 1931, 103 Fla. 976, 138 So. 721, 724:
* * * * * *
"Laws of this kind requiring contracts to be let to the lowest bidder are based upon public economy, are of great importance to the taxpayers, and ought not to be frittered away by exceptions.
* * * * * *
"In so far as they thus serve the object of protecting the public against collusive contracts and prevent favoritism toward contractors by public officials and tend to secure fair competition upon equal terms to all bidders, they remove temptation on the part of public officers to seek private gain at the taxpayers' expense, are of highly remedial character, and should receive a construction always which will fully effectuate and advance their true intent and purpose and which will avoid the likelihood of same being circumvented, evaded, or defeated. Hannan v. Board of Education, 25 Okla. 372, 107 P. 646, 30 L.R.A.(N.S.) 214; Fones Hardware Co., v. Erb, 54 Ark. 645, 17 S.W. 7, 13 L.R.A. 353; Lassiter & Co. v. Taylor, 99 Fla. 819, 128 So. 14, 69 A.L.R. 689; Anderson v. Fuller, 51 Fla. 380, 41 So. 684, 6 L.R.A.(N.S.) 1026, 120 Am.St.Rep. 170; 3 McQuillan Municipal Corp. (2d Ed.) p. 858; Mazet v. City of Pittsburgh, 137 Pa. 548, 20 A. 693; Wells v. Burnham, 20 Wis. 112.
"Accordingly, it has been generally recognized and held by the courts that it is the duty of public officers charged with the responsibility of letting contracts under the statute to adopt, in advance of calling for bids, reasonably definite plans or specifications, as a basis on which bids may be received. Such officers, in view of such requirement, are without power to reserve in the plans or specifications so prepared in advance of the letting the power to make exceptions, releases, and modifications in the contract after it is let, which will afford opportunities for favoritism, whether any favoritism is actually practiced or not. Neither can they include other reservations which by their necessary effect will render it impossible to make an exact comparison of bids. Clark v. Melson, 82 Fla. 230, 89 So. 495; Dillon, Municipal Corp., § 807, page 1211; 15 Corpus Juris, 550; *867 19 R.C.L. 1070; 3 McQuillan on Municipal Corp. (2d Ed.) pages 885, 886."
* * * * * *
The appellant Ellis contends that the contract is divisible and that, if improper at all, the illegal part (five year option) should be stricken and the remainder upheld. The appellant, City of Miami Beach, contends that the entire contract is valid.
We do not believe that the agreement is divisible. In Local No. 234, etc. v. Henley & Beckwith, Inc., Fla. 1953, 66 So.2d 818, 821, the Supreme Court in referring to "divisible" contracts, stated:
* * * * * *
"As to when an illegal portion of a bilateral contract may or may not be eliminated leaving the remainder of the contract in force and effect, the authorities hold generally that a contract should be treated as entire when, by a consideration of its terms, nature, and purpose, each and all of its parts appear to be interdependent and common to one another and to the consideration. Stokes v. Baars, 18 Fla. 656; 12 Am. Jur., Contracts, sec. 316. Stated differently, a contract is indivisible where the entire fulfillment of the contract is contemplated by the parties as the basis of the arrangement. Hyde & Gleises v. Booraem & Co., 16 Pet. 169, 10 L.Ed. 925. On the other hand, a bilateral contract is severable where the illegal portion of the contract does not go to its essence, and where, with the illegal portion eliminated, there still remains of the contract valid legal promises on one side which are wholly supported by valid legal promises on the other. Williston on Contracts, rev. ed., Vol. 6, sec. 1782.
"Whether a contract is entire or divisible depends upon the intention of the parties. Ireland v. Craggs, 5 Cir., 56 F.2d 785. And this is a matter which may be determined `by a fair construction of the terms and provisions of the contract itself, and by the subject matter to which it has reference.' 12 Am. Jur., Contracts, sec. 315. * * *"
* * * * * *
The agreement here in question is indivisible. The rent payments on the five year lease commence on December 31, 1964; the consideration for the option commences on the same date; and thereafter, monthly payments are due on both at the same time. The agreement leased additional land to Ellis and also permitted him to install pilings north of the existing dock for the purpose of providing mooring and marine service to private small boat owners. These provisions are so interdependent that they cannot be separated and divided. In addition, it is evident that it was the intention of the parties to create an entire, indivisible agreement.
The final decree contained, in part, the following:
* * * * * *
"* * * If the City of Miami Beach still desires to lease the dock area, it is hereby ordered to prepare appropriate specifications and again submit the concession agreement for bid pursuant to the provisions of the Charter of the said City. The Court reserves jurisdiction for the entry of such further Orders as may accord with equity and justice."
* * * * * *
This relief was beyond that sought by the complaint. We see no reason for the court to involve itself further in the affairs between the City and its prospective bidders by a retention of jurisdiction in this cause. We therefore find that this portion of the decree goes beyond the issues framed in the pleadings and by the parties and is not necessary or proper to the ultimate disposition of this cause. We therefore modify the final decree by striking therefrom the above quoted portion, and affirm the remainder of the decree.
It is so ordered.