BARKDULL, Judge
(dissenting).
I respectfully dissent from the majority opinion in this cause, which affirms an order of a chancellor joining a party as a defendant either after or at the same time he entered a final summary judgment in the plaintiff’s favor.
The record on appeal reveals the following: That the original plaintiff, Abe Schonfeld, instituted a chancery action seeking to enjoin a prosecution in the municipal court of the City of Miami, which prosecution was alleged to be illegal upon two grounds: 1. That it was based on an illegal ordinance; or 2. If the ordinance was valid, the plaintiff was not a person to whom it was applicable. A temporary injunction was issued enjoining the municipal court proceedings. Within the time prescribed by the rules, the defendant municipality filed a cross-claim against the plaintiff and named the appellant herein, Bonded Rental Agency, as a cross-defendant. No proper service of process was attempted on Bonded Rental Agency and a motion to dismiss for lack of jurisdiction over the person was filed. Subsequently, the matter came on for hearing upon motions for summary judgments by the original plaintiff and original defendant and motion to dismiss by Bonded, at which time the chancellor entered the following orders: Granted plaintiff a summary final decree, and enjoined the City from further prosecuting him under the ordinance involved; denied the City’s motion for. summary judgment; granted Bonded’s motion to dismiss for lack of jurisdiction over the person; and enterr ed the order here under review, adding Bonded as a party defendant either after or simultaneously with a determination of the cause in chief which eliminated any further 'proceedings between the plaintiff and the defendant.
By the majority opinion in this cause, this court has approved the adding of a third party to an action after the court has entered a final disposition of the cause in chief. I think this was error. Undoubtedly, under Rule 1.17(a), Florida Rules of Civil Procedure, 30 F.S.A., it is within the discretion of a trial judge to add parties prior to final determination of a cause. See: Camp Phosphate Company v. Anderson, 48 Fla. 226, 37 So. 722; Clark v. Melson, 82 Fla. 230, 89 So. 495; Milton v. City of Marianna, supra; Alger v. Peters, Fla.1956, 88 So.2d 903; Penn v. City of Lakeland, Fla.App.1959, 109 So.2d 771. However, the general rule is that parties may be joined prior to the final decree but may not be joined subsequent to a final determination of a matter. See: Peck v. Peck, 33 Colo. 421, 80 P. 1063; Trupp v. First Englewood State Bank of Chicago, 307 Ill.App. 258, 30 N.E.2d 198; Solone v. Reck, 32 Ill.App.2d 308, 177 N.E.2d 879; Prussian Nat. Ins. Co. of Stettin, Germany v. Terrell, 142 Ky. 732, 135 S.W. 416; Mildred Davis, Inc. v. *307 Hopkins, 224 Md. 626, 169 A.2d 450; Lockerby v. Sawyer, 220 Mich. 147, 189 N.W. 989; Camden v. St. Louis Public Service Co., 239 Mo.App. 1199, 206 S.W.2d 699; Allegro for Children, Inc. v. Weisbrod, Sup.1940, 18 N.Y.S.2d 370; Meadow Brook National Bank of Nassau County v. Pucillo, 23 Misc.2d 228, 203 N.Y.S.2d 113; Denny v. Coleman, 245 N.C. 90, 95 S.E.2d 352; Potts v. Howser, 267 N.C. 484, 148 S.E.2d 836; 67 C.J.S. Parties § 75, p. 1045. See also: Camp Phosphate Company v. Anderson, supra; Clark v. Melson, supra.
If trial courts are to have the power to add additional parties after the conclusion of a case in chief and the entry of a final decree determining the rights of the original parties, then litigation may never come to an end. Therefore, I would reverse the decree here under review, which would do no more than terminate the present litigation pending in the circuit court, and leave the City free to pursue whatever relief it desires against the appellant in an independent action and not by the continuation of a case that should be concluded, no one having taken an appeal from the granting of the summary final decree.