BOYD, Justice.
This cause is before us to review Public Service Commission Order No. 8930 which granted Palm Beach County Utilities Company’s application for an extension of its water and sewer certificates into the territory of the Loxahatchee River Environmental Control District. We have jurisdiction. Art. V, § 3(b)(3), Fla.Const. (1972).
This case began when Palm Beach County Utilities Company (PBCU) applied for an extension of its water and sewer certifi *364 cates to service land owned and to be developed by companies owned by the same parent company, Bankers Life and Casualty Company, that owns PBCU. Since then the company has changed its name to Seacoast Utilities, Inc., but for uniformity’s sake we shall continue to refer to it as PBCU. A major portion of the proposed extension service area lay within the Loxahatchee River Environmental Control District and the town of Jupiter, both of which protested the application and participated at the hearing. In Order No. 8930 the Commission adopted the hearing examiner’s recommendation that the application be granted except for the territory lying within the town of Jupiter’s boundaries.
The Loxahatchee River Environmental Control District (ENCON), a special district created by special act, chapter 71-822, Laws of Florida, petitioned this Court to review that order. ENCON claims that the Commission lacks authority to permit a private utility to service an area within its boundaries without its consent. We agree.
The cause of this dispute is a conflict between two different laws passed in the same legislative session. In 1971 the legislature passed the Water and Sewer System Regulatory Law, Chapter 367, Florida Statutes, Chapter 71-278, Laws of Florida. Part of this law provided that
The Florida Public Service Commission shall have exclusive jurisdiction over each utility with respect to its authority, service rates, and issuance and sale of its securities maturing more than 12 months after date of issue, except as provided in this chapter.
§ 367.011(2), Fla.Stat. (1979). That same year the legislature created ENCON for the purpose of meeting the entire Loxahatchee River basin’s water and sewer needs at the lowest possible cost and with the least possible environmental damage. Ch. 71-822, § 2, Laws of Fla. One of the provisions of the act gave ENCON authority over the construction of any water or sewer system within its boundaries.
No water system, storm drainage system, sewer system, or other facility for the production, treatment of sewage, the collection and discharge of storm drainage shall be constructed within the district unless the board gives its consent thereto and approves the plans and specifications therefor. Said consent and approval shall not be given unless the location and design thereof and its equipment will permit it to be operated in unison with the district’s systems and other existing systems and is adequate to meet the minimum standards of such systems as provided by law and this act.
Ch. 71-822, § 12, Laws of Fla., as amended by Ch. 78-559, § 5, Laws of Fla. This provision necessarily interferes with the Commission’s exclusive jurisdiction because without ENCON’s consent no utility may operate within ENCON’s boundaries under the authority granted to it by the Commission.
Because these two laws were passed by the same legislature in the same session, we presume they are “imbued by the same spirit and actuated by the same policy. . . . ” State ex rel. School Board of Martin County v. Department of Education, 317 So.2d 68, 73 (Fla.1975), quoting Curry v. Lehman, 55 Fla. 847, 855, 47 So. 18, 21 (1908); see also § 1.04 Fla.Stat. (1979). One of the policies applicable to both of these laws is that a public body be responsible for regulating a utility’s financial structure. See § 367.081, Fla.Stat. (1979); Ch. 71-822, § 6, Laws of Fla., as amended by Ch. 76-429, § 1, Laws of. Fla. We therefore conclude that the legislature did not intend for a private utility servicing ENCON to be completely unregulated as to its rates, service, and issuance and sale of securities maturing after one year. Since there are no provisions authorizing ENCON to regulate these matters, such authority must lie with the Public Service Commission.
Another policy applicable to both of these laws is that services provided by different utilities should be complementary and not competitive. See § 367.051(3), Fla.Stat. (1979); Ch. 71-822, § 12, Laws of Fla., as amended by Ch. 78-559, § 5, Laws of Fla. To effectuate this policy there must be a *365 single body making the decisions as to which area a utility may service within a given locale. If the Public Service Commission were allowed to authorize utilities to operate within the confines of ENCON, this policy would be thwarted since the Commission could not prevent ENCON from installing its own water and sewer system though it be duplicative. Cf. City of St. Petersburg v. Carter, 39 So.2d 804 (Fla.1949) (Railroad Commission could not assert jurisdiction over a transportation system operated by a municipality).
We believe the legislature intended for ENCON to be an agency responsible for deciding which private utilities may operate within its boundaries. This is apparent from the language found in chapter 71-822, section 12, Laws of Florida, which must be given primary consideration because of the general rule that a special act takes precedence over a general law dealing with the same subject matter. State ex rel. Johnson v. Vizzini, 227 So.2d 205 (Fla.1969). This general rule especially holds true when both laws are passed during the same legislative session. State ex rel. Luning v. Johnson, 71 Fla. 363, 72 So. 477 (1916). We therefore hold the Public Service Commission does not have jurisdiction to grant a private utility authority to operate within the Loxahatchee River Environmental Control District without the district’s consent.
Public Service Commission Order No. 8930 is quashed and the case is remanded to that body for further proceedings consistent with this opinion.
It is so ordered.
SUNDBERG, C.J., and ADKINS, OVER-TON and ENGLAND, JJ., concur.
ALDERMAN and McDONALD, JJ., dissent.