Mr. Curtis L. Shenkman Attorney Loxahatchee River Environmental Control District 11891 U.S. Highway One Post Office Drawer 14127 North Palm Beach, Florida 33408-2893
Dear Mr. Shenkman:
This is in response to your request for an opinion on substantially the following question:
 IS THE GOVERNING BOARD OF THE LOXAHATCHEE RIVER ENVIRONMENTAL CONTROL DISTRICT AUTHORIZED BY LAW TO GRANT A LONG-TERM LEASE FOR SURPLUS REAL PROPERTY TO A NON-PROFIT PRIVATE ORGANIZATION?
According to your inquiry and supplemental materials, the governing board of the Loxahatchee River Environmental Control District is considering the long-term lease of a parcel of surplus real property which it owns to the Jupiter Humane Society, a nonprofit private organization which would use the property for the construction and operation of an animal shelter. In view of certain provisions of the enabling legislation which established the district and granted certain powers to the district's governing board, and in further view of certain other provisions of general law, you have asked whether the proposed lease is within the authority of the governing board to grant.
The Loxahatchee River Environmental Control District was established by Ch. 71-822, Laws of Florida, the "Loxahatchee River environmental control act," which also created a board of five members to be known and designated as the governing board of the Loxahatchee River Environmental Control District. As amended by Chs. 75-475, 76-429, 76-431, 78-559 and 78-561, Laws of Florida, the act authorizes the governing board to exercise certain powers and duties with regard to sewage disposal, solid waste management, discharge of storm drainage, and water supply drainage and water supply within the district. Section 6(18) of Ch. 71-822, supra, as amended, provides that the district acting through the board shall have the power
 [t]o acquire by purchase, gift or condemnation in accordance with the provisions of chapters 73 and 74, Florida Statutes, such lands and rights and interest therein, including lands under water and riparian rights; and to acquire such personal property as it may deem necessary in connection with the construction, reconstruction, improvement, extension, installation, erection or operation and maintenance of any system and to hold and dispose of such real and personal property, including but not limited to systems owned and operated by municipalities and counties.
This general grant of the power to acquire, hold and dispose of real property must be read together with the specific terms of s. 13 of Ch. 71-822, Laws of Florida, as amended, providing as follows:
 The board shall have the power to transfer, sell, or assign any of the property of the district which it finds is not needed to carry out the purposes of this act to any other governmental agency at whatever terms it deems reasonable. (e.s.)
See, Villery v. Florida Parole and Probation Commission,396 So.2d 1107 (Fla. 1980) (court must give full effect to all statutory provisions and construe related statutory provisions in harmony with one another); State ex rel. City of Casselberry v. Mager,356 So.2d 267 (Fla. 1978) (statute should be interpreted to give effect to every clause in it and to accord meaning and harmony to all of its parts). See also, Woodgate Development Corporation v. Hamilton Investment Trust, 351 So.2d 14 (Fla. 1977) (where possible, court's duty is to adopt construction of statutory provisions which harmonize and reconcile provisions of same act). A specific provision of a statute should be regarded as an exception to the general, broader provision so that both may be given effect. See, AGO 83-15; 82 C.J.S. Statutes s. 347(b). Cf., AGO 73-250 (specific provisions in body of act clearly expressing legislative intent control over a clause in act that conflicts with such intent). Accordingly, I am of the view that the specific provisions of s. 13 of Ch. 71-822, Laws of Florida, as amended, authorizing transfer, sale or assignment of property of the Loxahatchee River Environmental Control District to any other governmental agency operate as an exception to or a limitation upon the more general authority to dispose of property granted the district's governing board in s. 6(18) of Ch. 71-822, supra.
It is clear that statutory entities such as special districts possess only such powers and authority as have been expressly granted by law or necessarily implied therefrom in order to carry out an expressly granted power. See, Forbes Pioneer Boat Line v. Board of Commissioners of Everglades Drainage District, 82 So. 346
(Fla. 1919); AGO's 85-65, 84-40, 82-89, 76-200 and 73-374. Thus, to the extent that the more specific provisions of s. 13 of Ch. 71-822, Laws of Florida, as amended, authorize the transfer, sale or assignment of property of the Loxahatchee River Environmental Control District not needed to carry out the purposes of the act to other governmental agencies, I am unable to conclude that the district's governing board is authorized by law to grant a long-term lease for surplus real property to a nonprofit private organization. See, Alsop v. Pierce, 19 So.2d 799 (Fla. 1944) (express statutory direction as to the manner of doing a thing is implied prohibition of its being done in any contrary manner). See also, Orr v. Trask, 464 So.2d 131 (Fla. 1985); Dobbs v. Sea Isle Hotel, 56 So.2d 341 (Fla. 1952) (express statutory mention of certain things is implied exclusion of things not mentioned — expressio unius est exclusio alterius).
You have directed my attention to certain other provisions of Ch. 71-822, Laws of Florida, as amended, which, according to supplementary materials attached to your inquiry, "could be stretched to allow lease of real property to private entities." See, e.g., s. 6(6) of Ch. 71-822, supra, as amended by Ch. 78-559, Laws of Florida (authority "[t]o enter into contracts with . . . any . . . private corporation . . . for other purposes necessary and proper to effectuate this act"); s. 14 of Ch. 71-822, supra ("provisions of this act shall be liberally construed to effect its purposes"). However, in view of the express and specific terms of s. 13 of Ch. 71-822, as amended, and based upon my examination of these and other provisions of Ch. 71-822, as amended, I am unable to conclude that any such provisions operate to authorize the governing board of the Loxahatchee River Environmental Control District to disregard the specific provisions of s. 13 by granting a long-term lease for surplus real property to a nonprofit private organization.
See, Green v. Galvin, 114 So.2d 187 (1 D.C.A.Fla., 1959), cert. denied, 116 So.2d 775 (Fla. 1959), app. dismissed, 117 So.2d 844
(Fla. 1960) (public official cannot do indirectly that which he is prohibited from doing directly). Cf., Molwin Investment Company v. Turner, 167 So. 33 (Fla. 1936) (implied authority may not warrant exercise of substantive power not conferred). Moreover, if there is a reasonable doubt as to the lawful existence of a particular power sought to be exercised by an administrative agency, the exercise of such power should be arrested. See, Edgerton v. International Company, 89 So.2d 488 (Fla. 1956).
Finally, you have directed my attention to the Local Government Comprehensive Planning and Land Development Regulation Act, Part II, Ch. 163, F.S., and have questioned whether any provision of this general law operates to overcome a lack of authority under the enabling legislation to lease district property to a nonprofit private organization or to modify the powers of the governing board of the Loxahatchee River Environmental Control District as to the use and development of land within the district's jurisdiction and under the district's ownership so as to permit such lease. However, it is well-established that a special act controls over a general law in the absence of a manifest intention evident in the general law to repeal or supersede an earlier enacted special law. See, Rowe v. Pinellas Sports Authority,461 So.2d 72 (Fla. 1984); Loxahatchee River Environmental Control District v. Mann, 403 So.2d 363 (Fla. 1981); Adams v. Culver,111 So.2d 665 (Fla. 1959). I perceive no such manifest intention in the provisions of Part II of Ch. 163 to repeal or supersede the express and specific provisions of s. 13 of Ch. 71-822, Laws of Florida, as amended, nor do I perceive any conflict or inconsistency between such provisions. Moreover, even if such conflict or inconsistency existed, a special grant of power or a special act of the Legislature generally takes precedence over a general grant or law on the same subject. Harley v. Board of Public Instruction of Duval County, 103 So.2d 111 (Fla. 1958); City of St. Petersburg v. Carter, 39 So.2d 804 (Fla. 1949). Accordingly, I am unable to conclude that any provision of the Local Government Comprehensive Planning and Land Development Regulation Act, Part II, Ch. 163, operates to overcome a lack of authority under Ch. 71-822, supra, to lease district property to a nonprofit private organization or to modify the powers of the governing board of the Loxahatchee River Environmental Control District as to the use and development of land within the district's jurisdiction and under the district's ownership so as to permit such lease.
Therefore, unless and until legislatively or judicially determined otherwise, it is my opinion that, in light of the specific grant of authority in s. 13 of Ch. 71-822, Laws of Florida, as amended, to the governing board of the Loxahatchee River Environmental Control District to transfer, sell, or assign district property which it finds is not needed to carry out the purposes of the act to other governmental agencies, the district's governing board is not authorized by law to grant a long-term lease for surplus real property to a nonprofit private organization.
Sincerely,
Jim Smith Attorney General
Prepared by:
Kent L. Weissinger Assistant Attorney General