PER CURIAM.
Central Florida Equipment Rentals of Dade County, Inc. [Central] and Dade County appeal from an order granting a temporary injunction prohibiting Central and the County from commencing construction of the North Dade Landfill Expansion. For the following reasons, we grant the relief requested and vacate the injunction.[1]
The Dade County Board of Commissioners advertised and entertained bids for the construction of the North Dade Landfill Expansion. Six contractors, including Central and the Lowell Dunn Company (LDC), submitted bids. Following heated debate at which both Central and LDC were represented by counsel, the Board determined that LDC’s bid was materially irregular because it failed to designate a single manufacturer and installer of the landfill liner. The Board further determined that the remaining bids were in material compliance with the specifications of the bid invitation even though none of the bidders, including Central and LDC, submitted quality control manuals contemporaneously with their bids. The County awarded the contract to Central, the lowest bidder that had materially complied with the bid invitation.
LDC sued Central and Dade County to enjoin Central from proceeding with the project, contending that the Board of County Commissioners had mistakenly designated LDC’s noncompliance with the bid invitation as material and, likewise, mistakenly waived Central’s noncompliance. The trial court agreed and temporarily enjoined Central and the County from proceeding with the project.
The trial court erroneously entered the injunction as LDC failed to demonstrate the likelihood of success on the merits.[2] In deciding that the Board had erred in waiving the requirement that the bidders submit the quality control manual with the bid application, the trial court substituted its judgment for that of the Board of County Commissioners. “In Florida ... a public body has wide discretion in soliciting and accepting bids for public improvements and its decision, when based on an honest exercise of this discretion, will not be overturned by a court even if it may appear erroneous and even if reasonable persons may disagree.” Liberty County v. Baxter’s Asphalt & Concrete, Inc., 421 So.2d 505, 507 (Fla.1982) (citations omitted). See also Town of Riviera Beach v. State, 53 So.2d 828 (Fla.1951) (courts should not interfere with municipal authority’s exercise of discretionary powers). Absent a showing of illegality, fraud, oppression, or misconduct, the Board’s exercise of discretion in evaluating bids based upon clearly defined criteria cannot be disturbed. Liberty County, 421 So.2d at 507.
LDC mistakenly relies upon our decision in City of Miami Beach v. Klinger, 179 So.2d 864 (Fla. 3d DCA 1965), in arguing that the trial court properly enjoined the County and Central from proceeding on the landfill expansion. In Klinger, the City of Miami Beach had invited sealed bids for five-year dockage concession contracts. Irving Ellis, Jr., submitted two bids, one for a five-year period in accordance with the bid advertisement, and one for a five-year period with an option for an additional five years. The City accepted Ellis’ second bid which was not in compliance with the bid invitation. Klinger, a “citizen and taxpayer of the City of Miami Beach who was also interested in bidding on the concession,” 179 So.2d at 865, sued the City of Miami Beach, seeking a declaration that the contract between Ellis and the City was void. The trial court declared the contract in violation of the City’s Charter and enjoined the City and Ellis from proceeding. We affirmed that portion of the trial *1173 court’s decree holding that the bid accepted by the City “differed materially and substantially from that invited by the City and submitted by the other bidder.” Id. In Klinger, the City exhibited favoritism to Ellis by accepting a bid that contained terms never mentioned by the bid invitation. The remaining bidders were entirely unaware of those terms. Ellis, the successful bidder, was accorded consideration denied to all other bidders. In this case, the Board of County Commissioners, unlike the City of Miami Beach in Klinger, exhibited no favoritism. No bidder had submitted a quality control manual with its bid; all bidders were in precisely the same position.
Therefore, based upon the foregoing, we vacate the order granting the injunction, dissolve the injunction, and remand for further consistent proceedings.

. The injunction, entered on August 6, 1991, was to last for thirty days. At oral argument, counsel for Central informed the court that the trial court bad extended the injunction for another thirty days. Our holding today controls the disposition of the order extending the temporary injunction.

. To obtain an injunction, LDC was required to show that failure to enter the injunction would result in irreparable harm for which there is no adequate remedy at law, and it had a clear legal right to the relief requested. Wilson v. Sandstrom, 317 So.2d 732 (Fla.1975), cert. denied, 423 U.S. 1053, 96 S.Ct. 782, 46 L.Ed.2d 642 (1976).