Mr. John J. Copelan, Jr. Broward County Attorney 115 South Andrews Avenue, Suite 423 Fort Lauderdale, Florida 33301
Dear Mr. Copelan:
You ask substantially the following question:
May the Broward County Board of County Commissioners include a purchase option in a lease agreement for real property located in the port jurisdictional area set forth in Chapter 94-429, Laws of Florida, without complying with the competitive bid requirements of section 125.35, Florida Statutes?
In sum:
While the Broward County Board of County Commissioners may include a purchase option in a lease agreement for real property located in the port jurisdictional area without competitive bids, it must hold two advertised public hearings to consider the terms and conditions of the lease agreement with the purchase option. The advertisement for such meetings must contain a description of the agreement's terms and conditions such that the public has the opportunity to review the agreement prior to the meeting and enable it to participate in the consideration of the proposed agreement. In deciding whether to enter into the agreement, the board of county commissioners, as the legislative and governing body of the county, must make a finding that such action is in the best interest of its citizens and must act in good faith.
The Port Everglades District and the Port Everglades Authority in Broward County were created by Chapter 59-1157, Laws of Florida. In 1991, the Florida Legislature authorized the transfer of the powers, duties, and function of the authority and district to Broward County.[1] Chapter 94-429, Laws of Florida, was passed
"in order to clarify the operational powers, rights, and privileges transferred to Broward County and to assure an orderly transition of the business operations of the port[.]"
Passage of the act was necessary to specify the operational powers, duties, and obligations of the county.[2] Section 5 of the act provides:
"Sale or exchange of real property. — The county shall have the authority to sell or exchange county-owned property within the port jurisdictional area; provided, the county shall hold two public hearings, the advertisements for which shall include a general description of the terms and conditions of the proposed sale."[3]
Section 6 of the act authorizes the county to enter into leases of real property within the port jurisdictional area as follows:
"(1) Except as hereinafter provided, within the port jurisdictional area, the county may lease any real property owned by it, or any interest therein, upon whatever terms and conditions the county deems proper, whenever the county determines that such lease is in its best interest.
(2) The county administrator may enter into, and execute, leases in which the term does not exceed 1 year. However, any renewal of a lease entered into by the county administrator shall be approved by the county commission.
(3) Before any lands in the restricted use zone shall be leased for a term in excess of 5 years, the county shall hold two public hearings, the advertisements for which shall include a general description of the terms and conditions of the proposed lease.
(4) Before any lands other than lands in the restricted use zone shall be leased for a term in excess of 10 years, the county shall hold two public hearings and shall include in the advertisements for the hearings a general description of the terms and conditions of the proposed lease."
The special act does not contain a competitive bid requirement. Your question arises in light of the provisions of section 125.35, Florida Statutes.
Section 125.35, Florida Statutes, authorizes the board of county commissioners to sell and convey any real or personal property, and to lease real property, belonging to the county, whenever the board of county commissioners determines that it is in the best interest of the county, to the highest and best bidder for the particular use the board determines to be the highest and the best.[4] Subsection (2) of the statute sets forth the notice requirements for such a sale.[5]
In Furnams v. Santa Rosa Island Authority,[6] an action was brought seeking declaratory judgment on the validity of leases of county property to private individuals. The property in question was the subject of a special act that authorizes the lease of island property for recreational, residential and business uses in the public interest. The special act, however, did not require competitive bidding. The court, in considering whether the provisions of section 125.35, Florida Statutes, applied to such leases, stated:
The Authority is governed by the provisions of the special acts which control it, and there is no provision requiring the advertising for bids, or to enter into leases upon a "highest bid" basis.[7]
Such a conclusion is consistent with the general rules of statutory construction, which provide that a special act will control over the provisions of a general law.[8]
Accordingly, the provisions of Chapter 94-429, Laws of Florida, prescribing the method for disposing of property within the port jurisdictional area, will control over the provisions of section125.35, Florida Statutes.
As noted above, Chapter 94-429, supra, does not require that the board of county commissioners use competitive bid procedures when disposing of port property. The county commission, however, must act in the county's best interest and for a public purpose. While the Furnams' court held that the leasing of land for the private or business purposes of the leaseholder may serve a public purpose,[9] the determination of whether any particular sale or disposal of real property is in the county's best interests must be made by the board of county commissioners.
While the county is not required to use competitive bidding, it is not precluded from using such procedures. Competitive bid procedures have proven to be an effective method of protecting the public interests. As the court held in Wester v. Belote,[10] laws of this kind
"serve the object of protecting the public against collusive contracts and prevent favoritism toward contractors by public officials and tend to secure fair competition upon equal terms to all bidders, they remove temptation on the part of public officers to seek private gain at the taxpayers' expense, are of highly remedial character, and should receive a construction always which will fully effectuate and advance their true intent and purpose and which will avoid the likelihood of same being circumvented, evaded, or defeated."
The board of county commissioners, therefore, may wish to consider utilizing such procedures for the lease and sale of port jurisdictional property. Chapter 94-429, Laws of Florida, does require the county to hold two public meetings to ensure public input into the decision-making process. Moreover, the advertisement for such meetings must contain a general description of the terms of the agreement, thus affording the public an opportunity to be heard during the public hearings required to be held.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] See, Ch. 91-346, Laws of Florida. You have advised this office that the electorate of Broward County approved the dissolution of the authority and district, and the transfer of power in 1991 as required by s. 14 of Ch. 91-346, supra.
[2] Section 1, Ch. 94-429, Laws of Florida.
[3] Prior to the enactment of Ch. 94-429, Laws of Florida, Part VIII, s. 1, Ch. 89-427, Laws of Florida, authorized the port authority to sell district property when in the best interests of the district. While the act did not require the authority to take competitive bids, it did require that any such sale be approved by electors in the port district. The referendum requirement, however, was not carried forward in the 1994 legislation.
[4] Section 125.35(1)(a), Fla. Stat. But see, s. 125.35(2), Fla. Stat., providing that if the value of a parcel of real property is $5,000 or less and, due to its size, shape, location, and value, is of use only to one or more adjacent property owners, the board of county commissioners may effect a private sale, after sending notice of its intentions to the adjacent property owners by certified mail. If two or more such owners, within 10 working days of receiving notice, notify the board of their desire to purchase the property, the board is required to accept sealed bids from such property owners and may convey the property to the highest bidder or reject all offers.
[5] See, s. 125.35(1)(b), Fla. Stat. (1995), providing:
"No sale of any real property shall be made unless notice thereof is published once a week for at least 2 weeks in some newspaper of general circulation published in the county, calling for bids for the purchase of the real estate so advertised to be sold. In the case of a sale, the bid of the highest bidder complying with the terms and conditions set forth in such notice shall be accepted, unless the board of county commissioners rejects all bids because they are too low. The board of county commissioners may require a deposit to be made or a surety bond to be given, in such form or in such amount as the board determines, with each bid submitted."
[6] 377 So.2d 983 (Fla. 1st DCA 1979), affirmed,399 So.2d 1142 (Fla. 1981).
[7] 377 So.2d at 987.
[8] See, e.g., Rowe v. Pinellas Sports Authority, 461 So.2d 72
(Fla. 1984); Loxahatchee River Environmental Control District v.Mann, 403 So.2d 363 (Fla. 1981).
[9] Id.
[10] 138 So. 721, 724 (Fla. 1931). See also, Department ofTransportation v. Groves-Watkins Constructors, 530 So.2d 912, 913
(Fla. 1988), stating:
"Although not required by common law, competitive bidding has been statutorily mandated for the protection of the public. In addition to providing a means by which goods or services required by public authorities may be acquired at the lowest possible cost, Hotel China Glassware Co. v. Board of Public Instruction,130 So.2d 78, 81 (Fla. 1st DCA 1961), the system of competitive bidding protects against collusion, favoritism, and fraud in the award of public contracts. Liberty County [v. Baxter's Asphalt Concrete, Inc., 421 So.2d 505 (Fla. 1982)]; Wester v. Belote, 103 Fla. 976,981-82, 138 So. 721, 723-24 (1931)."
And see, City of Miami Beach v. Klinger, 179 So.2d 864 (Fla. 3d DCA 1965); Armco Drainage and Metal Products, Inc. v. County ofPinellas, 137 So.2d 234 (Fla. 2d DCA 1962); cf., McQuillinMunicipal Corporations s. 29.29 (purpose of inviting competition is to guard against favoritism, improvidence, extravagance, fraud, and corruption and to secure the best work and supplies at the lowest price practicable).