Mr. Dennis Manelli Counsel for Tampa Port Authority Post Office Box 2192 Tampa, Florida 33601-2192
Dear Mr. Manelli:
On behalf of your client, the Tampa Port Authority, you have asked for my opinion on substantially the following question:
Is the Tampa Port Authority authorized to use the procedures set forth in section 255.20, Florida Statutes, to satisfy the competitive bidding requirements set forth in its enabling legislation, Chapter 95-488, Laws of Florida?
In sum:
The Tampa Port Authority is not authorized to substitute compliance with the provisions of section 255.20, Florida Statutes, for compliance with the competitive bidding procedures of section 15, Chapter 95-488, Laws of Florida.
Chapter 95-488, Laws of Florida, created the Tampa Port Authority as the governing body and port authority of the Hillsborough County Port District.[1] The Tampa Port Authority has been designated an independent special district within the scope of Chapter 189, Florida Statutes, by the Florida Department of Community Affairs.[2]
According to information submitted with your request, the authority currently has plans to construct a headquarters facility on real property it owns. Immediate demands for new facilities, and financing opportunities which will be available only for a limited time, require the authority to "fast-track" the project to the greatest extent possible. Accordingly, the authority proposes to advertise for a request for qualifications in accordance with the provisions of section 255.20, Florida Statutes, in order to prequalify a number of construction managers/general contractors for the project. Following such prequalification process, the port proposes to expeditiously interview, rank, and select the construction manager/general contractor deemed best qualified by the authority's selection committee. The authority seeks to avoid the more lengthy procedures involved in competitively bidding the individual construction contracts involved in this project.
The authority asserts that such a process will allow for selection of a construction manager/general contractor in a manner which will adequately safeguard the public interest. However, there is some question whether this process will violate the enabling legislation for the authority.
Section 15, Chapter 95-488, Laws of Florida, authorizes the Tampa Port Authority to award contracts and sets limitations on that power. The act provides:
"No contract shall be let by the port authority for any construction, improvement, repair, or building, nor shall any goods, supplies, or materials for port district purposes or uses be purchased, if the amount to be paid by the authority exceeds $25,000, unless notice thereof has been advertised at least once no fewer than 10 days nor more than 90 days prior to receiving bids, in a daily newspaper of general circulation published in the City of Tampa, which notice calls for bids upon the work to be done for the goods, supplies, or materials to be purchased; provided, however, that as to any such contract let without competitive bid in an amount in excess of $15,000, the port director shall inform the port authority, at its next public meeting, of that contract and the reasons why competitive bidding was not employed, it being the intent that public bidding on purchases exceeding $15,000 be employed unless, in the judgment of the port director, it is necessary to contract sooner than would be possible through the public bidding process and it is in the best interest of the port to so contract. In each case, the bid of the lowest responsible bidder shall be accepted, except that the port authority in any event shall have the right to reject all bids. . . ."
The act also requires that the port authority establish policies to ensure equal opportunities for participation as vendors for minority-owned and women-owned businesses, and makes specific provision for emergency situations in which a delay in procurement may endanger lives or property, or subject the port authority to undue liability.[3]
Thus, the enabling legislation for the port authority requires that the specific competitive bidding procedures set forth in the act be used for contracts for "any construction, improvement, repair, or building, . . . if the amount to be paid by the authority exceeds $25,000[.]" However, an exemption from this requirement is recognized for emergency situations in which the port director determines that it is in the best interest of the port to utilize procedures other than those described above. If such a situation exists, the port director is required to justify this deviation from the competitive bidding procedures to the port authority board.
Section 255.20, Florida Statutes, requires counties, municipalities, special districts as defined in Chapter 189, Florida Statutes, or other political subdivisions of the state that are seeking to construct or improve public construction works to competitively award these projects.[4] Such projects must be competitively awarded to a licensed contractor when the project is estimated to have construction costs of more than $200,000. The term "competitively award" is defined to mean "to award contracts based on the submission of sealed bids, proposals submitted in response to a request for proposal, proposals submitted in response to a request for qualifications, or proposals submitted for competitive negotiation."[5] The statute "expressly allows contracts for construction management services, design/build contracts, continuation contracts based on unit prices, and any other contract arrangement with a private sector contractor permitted by any applicable municipal or county ordinance, by district resolution, or by state law."[6] Exceptions to the statute are recognized for emergency situations.[7]
In Attorney General's Opinion 96-28, this office concluded that the provisions of section 255.20, Florida Statutes, could be read together with the minimum procedures for letting contracts for works and improvements by drainage and water control districts set forth in section 298.35, Florida Statutes. This conclusion allowed the Northern Palm Beach County Improvement District to hire a managing general contractor by utilizing the competitive bidding procedures set forth in section 255.20, Florida Statutes, after complying with the more general requirements to which the district was subject contained in Chapter 298, Florida Statutes. Attorney General's Opinion 96-28 recognizes that the minimum specifications contained in section 298.35, Florida Statutes, may be supplemented by more stringent requirements contained in section 255.20, Florida Statutes. The opinion does not authorize the substitution of one set of criteria to satisfy the requirements of the other. As was pointed out in that opinion:
"Nothing in this section or elsewhere in Chapter 298, Florida Statutes, or the district's enabling legis-lation makes this procedure the exclusive method for letting contracts for works and improvements. Rather, section 298.35, Florida Statutes, appears to represent a minimum procedure to which supplementary requirements may be added by the special district."
Such is not the case with the Tampa Port Authority. Section 15 of Chapter 95-488, Laws of Florida, appears to represent a comprehensive scheme for awarding contracts for construction and for the purchase of goods and services. In light of this conclusion, it is my opinion that the Tampa Port Authority must look to the provisions of its enabling act for authority to award the contracts described therein. Such a conclusion is consistent with the general rules of statutory construction, which provide that a special act will control over the provisions of a general law.[8]
Thus, it is my opinion that the Tampa Port Authority may not utilize the provisions of section 255.20, Florida Statutes, rather than the provisions of section 15, Chapter 95-488, Laws of Florida, to satisfying the competitive bidding procedures required by its enabling legislation.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] See, s. 4, Ch. 95-488, Laws of Florida (1995).
[2] See, Florida Department of Community Affairs, 1996 Official List of Special Districts, p. 96.
[3] See, s. 15, Ch. 95-488, Laws of Florida (1995), which states:
"Notwithstanding any of the foregoing provisions, the port authority may negotiate to purchase goods and services under the following circumstances: in the event of emergencies, when a delay in procurement could endanger lives or property or subject the port authority to undue liability; to procure government surplus material and equipment; to procure used equipment and material to be used for port purposes, provided two independent appraisals are obtained and considered; and, with the prior approval of at least three members of the port authority, to procure goods and services when procurement by competitive bid is not practicable."
[4] Section 255.20(1), Fla. Stat. (1995).
[5] Id.
[6] Supra at fn. 4.
[7] Section 255.20(1)(a)1., Fla. Stat. (1995).
[8] See, e.g., Rowe v. Pinellas Sports Authority, 461 So.2d 72
(Fla. 1984); Loxahatchee River Environmental Control District v.Mann, 403 So.2d 363 (Fla. 1981).