588 So.2d 660 (1991)
Antonietta BAUZON, Appellant,
v.
Francisco BAUZON, Appellee.
No. 91-290.
District Court of Appeal of Florida, First District.
November 6, 1991.
*661 D. James Beatty, Jr., Jacksonville, for appellant.
Norman J. Abood, Jacksonville, for appellee.
ZEHMER, Judge.
In this appeal from a final judgment of dissolution of marriage, finding no abuse of discretion, we affirm without discussion all points raised except one. Appellant's point two contends that the trial court, in effecting an equitable distribution of the marital property consisting of joint bank accounts with First Federal and the Navy Credit Union, erred in establishing the value of the accounts as of the date of trial rather than as of an earlier date before the proceeds of accounts had been depleted by the appellee. The appealed judgment is silent on why the trial court used the trial date rather than the date of filing of the petition.
Section 61.075(4), Florida Statutes (1989), provides:
The date for determining marital assets and liabilities and the value of such assets and the amount of such liabilities is the earliest of the date the parties enter into a valid separation agreement, such other date as may be expressly established by such agreement, or the date of filing of a petition for dissolution of marriage, unless the trial judge determines another date is just and equitable under the circumstances.

(Emphasis added.) Under this statute, the valuation date is presumed to be the earliest of the date the parties enter into a valid separation agreement, another date expressly established by a valid separation agreement, or the date on which the petition for dissolution of marriage is filed. Bobb v. Bobb, 552 So.2d 334 (Fla. 4th DCA 1989). The statute also gives the trial court discretion to use another date for valuing the assets and liabilities, if the court determines that use of such other date is just and equitable under the circumstances and both the reason and the other date are stated in the final judgment. Bain v. Bain, 553 So.2d 1389 (Fla. 5th DCA 1990). In order that an appellate court may provide adequate review to assure compliance with the requirements of section 61.075(4), we hold that unless the circuit court distributing marital assets in a final judgment of dissolution specifically identifies a valuation date of these assets that is different from the date of filing of the petition and also recites the specific circumstances and considerations that make use of this date just and equitable, we shall presume that for such valuation *662 the circuit court was required to use the date of filing the petition or the date the parties entered into a valid separation agreement, whichever is earlier, unless the record contains a specific written agreement executed and filed by the parties establishing a specific date of valuation. This requirement will avoid disputes by the parties, like the arguments advanced in this case, that the conduct and actions of each party after the valuation date provided in the statute reduced the value of the assets and that such reductions should be taken into consideration in valuing the distributed marital property.
The record in this case indicates the parties had not made a valid separation agreement prior to filing this action and did not file any agreement as to a valuation date; thus, the circuit court was required to use the petition filing date as the valuation date for the marital assets unless the court makes a determination in the final judgment pursuant to the statute that a date other than the filing date is just and equitable under the circumstances. The record indicates the parties were separated on March 17, 1989, and the petition for dissolution was filed on January 18, 1990. The bank statements on the parties' joint accounts at First Federal and Navy Federal Credit Union indicate the following: (1) the balance in the First Federal account was $72,355.28 as of March 28, 1989; (2) the balance in Navy Federal account was $7,731.34 on March 31, 1989. The record contains no evidence as to the balance in the accounts on the January 18, 1990 filing date.
We are aware that Mr. Bauzon testified that after the parties' separation, he took his wife's name off of the First Federal account and assumed control of the funds in that account. He testified that as of the October 10, 1990, trial date, the accounts balances had been reduced to about $35,000.00 due to expenditures on the maintenance and repair of the family restaurant and motel, which had been declining for several years. While these circumstances may well justify the trial court's valuation of the joint accounts at $35,000.00 on a date other than the filing date (a matter on which we voice no opinion), it is incumbent on the court to so state in the final judgment as a predicate to appellate review.
Because the trial court equally divided the amounts in the bank accounts, we find it unnecessary to disturb any other provisions in the appealed judgment.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
BARFIELD and ALLEN, JJ., concur.