596 So.2d 1187 (1992)
MID-AMERICAN WASTE SYSTEMS OF FLORIDA, INC., a Florida corporation, Appellant,
v.
CITY OF JACKSONVILLE, a Florida municipality, Trail Ridge Landfill, Inc., a Delaware corporation, Waste Management, Inc., of Florida, a Florida corporation, Waste Management of North America, Inc., a Delaware corporation, and Waste Management, Inc., a Delaware corporation, Appellees.
No. 91-203.
District Court of Appeal of Florida, First District.
April 6, 1992.
Rehearing Denied May 15, 1992.
*1188 Steven A. Werber, of Foley & Lardner, Jacksonville, for appellant.
John A. Delany, Gen. Counsel, Steven E. Rohan, Deputy Gen. Counsel, and Gary E. Eckstine, Asst. Counsel, Jacksonville, for appellee City.
John A. DeVault, III, and Michael D. Whalen, of Bedell, Dittmar, DeVault & Pillans, Jacksonville, for appellees Trail Ridge, Waste Management, Inc. of Florida, Waste Management of North America, Inc. and Waste Management, Inc.
PER CURIAM.
The appellant challenges an order dismissing counts I and III of its complaint seeking declaratory and injunctive relief. We reverse and remand to the trial court for consideration of the merits of the allegations set forth in counts I and III of appellant's complaint.
The appellant's complaint alleged that both it and Trail Ridge Landfill, Inc. (Trail Ridge) submitted proposals to the City for development and operation of a landfill. The City designated Trail Ridge the most qualified firm; appellant was designated the second most qualified firm.
The complaint alleged that section 126.104 of the Ordinance Code of the City of Jacksonville makes it unlawful for the City to enter into a contract with Trail Ridge. Section 126.104 provides in pertinent part:
126.104 Certain City contracts prohibited.
(a) No officer or employee of the City shall knowingly execute or otherwise enter into a contract on behalf of the City with a person who or with a corporation, partnership or other business entity in which a person who is or shares in legal or factual control of the affairs and policies of the business entity as a whole is under indictment or has been convicted within the past five years in a local, State or federal court for an offense involving moral turpitude arising out of the person's relationship with a governmental agency.
.....
(c) Violation of this section shall constitute a class D offense.
In support of this argument, appellant alleged that Trail Ridge's affiliate, Waste Management, Inc. of Florida, was convicted in January, 1988, of criminal price fixing in connection with its waste hauling activities in Dade and Broward Counties. The complaint alleged that both Trail Ridge and Waste Management, Inc. of Florida are wholly owned subsidiaries of Waste Management of North America, Inc. and that Trail Ridge and Waste Management, Inc. of Florida have identical officers and *1189 directors. It was also alleged that Waste Management, Inc. of Florida initially undertook the development of the landfill, but subsequently caused Trail Ridge to be incorporated as a brother-sister company to take over the landfill efforts in order to avoid the effect of the ordinance.
Appellant contended that because Trail Ridge and Waste Management of Florida, Inc. are alter egos of each other and their parent company, the execution of a contract between the City and Trail Ridge would violate section 126.104 of the City's code. Appellant sought an order enjoining the City from negotiating with and awarding a contract to Trail Ridge and declaring that Trail Ridge is prohibited by section 126.104 from entering into a contract with the City.
The City and Trail Ridge filed motions to dismiss the complaint. Although the trial court found that section 126.104 is constitutionally sound and that the complaint sufficiently alleged connexity or identity between Trail Ridge and corporations convicted of crimes involving moral turpitude to survive a motion to dismiss, the trial court dismissed counts I and III on the ground that appellant lacked standing to enforce the provisions of section 126.104 because it is a penal statute.[1]
Appellant correctly contends it has standing to seek injunctive relief. As the second most responsible bidder, appellant has alleged an injury different in kind from the injury suffered by the community as a whole as a result of the alleged violation of the ordinance. Appellant does not have an available adequate legal remedy for money damages. See City of Cape Coral v. Water Services of American, Inc., 567 So.2d 510 (Fla. 2d DCA 1990), review denied, 577 So.2d 1330 (Fla. 1991). As the supreme court recognized:
We have on a number of occasions held that where municipal officials threaten or commit a violation of municipal ordinances which produces an injury to a particular citizen which is different in kind from the injury suffered by the people of the community as a whole then such injured individual is entitled to injunctive relief in the absence of an adequate legal remedy.
Boucher v. Novotny, 102 So.2d 132, 134 (Fla. 1958). See City of Lynn Haven v. Bay County Council of Registered Architects, 528 So.2d 1244 (Fla. 1st DCA 1988); Wood-Hopkins Contracting Co. v. Roger J. Au & Son, Inc., 354 So.2d 446 (Fla. 1st DCA 1978); Aurora Pump v. Goulds Pump, 424 So.2d 70 (Fla. 1st DCA 1982).
The fact that the ordinance at issue contains provisions permitting imposition of a penal sanction against an officer or employee of the City for violation of the ordinance does not warrant a different result. Similar to other competitive bidding statutes and ordinances, the goal appears to be protection of the public interest, the integrity of the competitive bidding process, and the rights of the individual bidder. Accordingly, we conclude that appellant has standing to seek injunctive relief.[2]Cf. Syfo Water Co. v. Chakoff, 182 So.2d 17 (Fla. 3d DCA 1965) ("[W]here intervention of equity is warranted to protect civil rights or property interests and where criminal prosecution is inadequate to effect this purpose, a crime or statutory offense may be enjoined."), cert. denied, 188 So.2d 820 (Fla. 1966); Drake v. Henson, 448 So.2d 1205 (Fla. 3d DCA 1984) ("Even though the threatened acts might result in criminal violations, this should not prevent an equity court from exercising its traditional jurisdiction, particularly when it's alleged that the law enforcement agencies refused to take cognizance of the alleged threatened *1190 criminal action."). Appellant also has standing to seek declaratory relief as set forth in the complaint. Section 86.021, Florida Statutes (1989).[3]
The order of dismissal is reversed and the cause is remanded for further proceedings.
BOOTH, SMITH and BARFIELD, JJ., concur.
NOTES
[1] An additional count of appellant's complaint alleged that the City violated the enabling ordinance in the design and application of its evaluation matrix by arbitrarily assigning points to factors that diluted the primary criterion, which was permitability in time to meet the City's urgent landfill crisis, and therefore acted arbitrarily and capriciously in selecting Trail Ridge as the most qualified firm. This count of the complaint was voluntarily dismissed after the trial court dismissed counts I and III of the complaint.
[2] The remaining arguments of Trail Ridge and the City regarding inapplicability of section 126.104 are without merit.
[3] The City filed a suggestion of mootness notifying this Court that subsequent to oral argument, the Council of the City of Jacksonville enacted Ordinance 91-1317-510, which provides in part:

Section 2. Any provision of Section 126.104, Ordinance code, which would have been or is applicable to the process, procedures or enactments of the Council concerning the Trail Ridge Landfill or to any action by an officer or employee of the City in connection therewith, is hereby waived by the Council to the extent said section would prohibit the contracts connected with the Trail Ridge Landfill.
We decline the City's invitation to dismiss the appeal as moot. To follow the City's suggestion would render the competitive bidding process a nullity. Although the City could perhaps have waived the provisions of section 126.104 when it requested proposals, it is doubtful that the City at the outset would or could have waived the provisions of the ordinance at issue for one select individual or entity.