SHIVERS, Judge.
The former husband appeals a final judgment of dissolution. We reverse and remand.
Appellant argues that this case should be remanded to divide the furnishings and personal effects. Appellee concedes this point, and we agree. See section 61.075(1), Florida State (1989). Accordingly, we vacate the judgment and remand to the trial court to reconsider the entire equitable scheme. Sweeney v. Sweeney, 583 So.2d 398 (Fla. 1st DCA 1991); Breland v. Breland, 565 So.2d 368 (Fla. 1st DCA 1990).
The former husband further correctly asserts that the final judgment does not comply with section 61.075(4), Florida Statutes (1989), because it does not state the date used to determine marital assets and liabilities. On remand the trial court must “use the petition [for dissolution] filing date as the valuation date for the marital assets unless the court makes a determination in the final judgment pursuant to the statute that a date other than the filing date is just and equitable under the circumstances.” Bauzon v. Bauzon, 588 So.2d 660, 662 (Fla. 1st DCA 1991).
Moreover, we are unable to determine the basis upon which the trial court distributed the marital assets. It is “appropriate to require explicit findings with respect to disputed facts that form the factual basis on which a trial court undertakes to award equitable distribution.” Barrs v. Barrs, 505 So.2d 602 (Fla. 1st DCA 1987). On remand the trial court is directed to make such findings in order to effectuate meaningful appellate review. E.g., Prom v. Prom, 589 So.2d 1363 (Fla. 1st DCA 1991).
REVERSED AND REMANDED.
ZEHMER and WEBSTER, JJ., concur.