DELL, Chief Judge.

ON MOTION FOR REHEARING

We deny appellee’s motion for rehearing, but we withdraw the opinion of the court filed April 26, 1995 and substitute the following opinion for purposes of clarification only.
Appellant contends the trial court abused its discretion when it established the trial date as the cutoff date and valuation date of his 401K and pension plans rather than the filing date of the petition for dissolution. He also contends the trial court erred when it awarded appellee a survivorship right to his one-half interest in the pension plan.
Section 61.075(6), Florida Statutes (1993), provides:
The date for determining marital assets and liabilities and the value of such assets and the amount of such liabilities is the earliest of the date the parties enter into a valid separation agreement, such other date as may be expressly established by such agreement, or the date of the filing of a petition for dissolution of marriage, unless the trial judge determines another date is just and equitable under the circumstances.
The trial court’s failure to recite adequate reasons for using a date other than the presumptive date established by the statute requires reversal in the instant case. See Bauzon v. Bauzon, 588 So.2d 660 (Fla. 1st DCA 1991).
We also hold that the trial court abused its discretion when it awarded the wife a surviv-orship right to the husband’s one-half share of the pension plan. See Diffenderfer v. Diffenderfer, 491 So.2d 265 (Fla.1986); Howerton v. Howerton, 491 So.2d 614 (Fla. 5th DCA 1986). Our decision does not alter the status of the wife as a contingent annuitant of the defined-benefit pension plan as agreed by the parties.
Accordingly, we reverse that part of the final judgment establishing the date of trial as the determination and valuation date of the husband’s 401K and pension plans and direct the trial court on remand to recompute the parties’ respective interests in these assets based on the date of filing of the petition for dissolution of marriage. We also direct the trial court on remand to strike the provision for the wife to have a survivorship interest in the husband’s share of the pension plan. We otherwise affirm the final judgment of dissolution of marriage in all respects.
AFFIRMED IN PART; REVERSED IN PART and REMANDED.
KLEIN and STEVENSON, JJ., concur.