421 So.2d 505 (1982)
LIBERTY COUNTY, Etc., Petitioner,
v.
BAXTER's ASPHALT & CONCRETE, INC., Respondent.
No. 61498.
Supreme Court of Florida.
October 28, 1982.
Bill A. Corbin, Blountstown, for petitioner.
Barry Richard and James J. Richardson of Roberts, Baggett, LaFace, Richard & Wiser, Tallahassee, and L. Charles Hilton, Jr., Panama City, for respondent.
*506 Jane E. Heerema of Roberts, Egan & Routa, Tallahassee, for State Ass'n of County Com'rs, amicus curiae.
EHRLICH, Justice.
This cause is before the Court for review of a decision of the district court of appeal, Baxter's Asphalt & Concrete, Inc. v. Liberty County, 406 So.2d 461 (Fla. 1st DCA 1981), which expressly and directly conflicts with Wester v. Belote, 103 Fla. 976, 138 So. 721 (1931) and William A. Berbusse, Jr., Inc. v. North Broward Hospital District, 117 So.2d 550 (Fla. 2d DCA 1960). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
In March 1980, the Board of County Commissioners of Liberty County (Liberty County) advertised for bids on a road resurfacing project. Bids were requested for two mutually exclusive types of asphalt, Alternate A (asphaltic concrete) and Alternate B (a sand asphalt hot mix). Either alternative was acceptable for the roads to be resurfaced.
Seven companies bid on the project. Since the County Engineer inadvertently failed to forward to Gulf Asphalt Corporation (Gulf) the last page of an information sheet requiring bids on both Alternates A and B, Gulf bid only on Alternate B (which was the industry practice only to bid on one alternate). Gulf's Alternate B bid was $906,895.59, the low bid. The next lowest bid on Alternate B was $1,055,201.46 submitted by Baxter's Asphalt & Concrete (Baxter's). For Alternate A, the lowest bid was Baxter's at $1,094,226.60.
At an April 1980 Commission meeting, the County Engineer recommended that Gulf's bid on Alternate B be accepted since it was $148,000 less than the bid by Baxter's on the same Alternate. Gulf's bid on Alternate B was likewise less than the low bid of Baxter's on Alternate A. The Board unanimously waived the irregularity of Gulf's not submitting a bid on Alternate A and awarded the contract to Gulf.
Baxter's immediately filed suit and obtained a temporary injunction preventing Liberty County from entering into a contract with Gulf. At trial in May 1980, the court ruled in favor of Liberty County and Gulf and the injunction was dissolved. Baxter's appealed and the district court in March 1981 found that Gulf's failure to bid on Alternate A violated section 336.44, Florida Statutes (1979), the competitive bid statute for the construction of county roads. The court directed Liberty County to readvertise the bids. However, since there was no restraining order during the time of appeal and the district court had denied a motion for a stay pending appeal, Liberty County had already entered into a contract with Gulf for the resurfacing project and Gulf had completed the project. All parties moved for a rehearing and the district court filed a second opinion in November 1981, holding that Liberty County was liable to Baxter's for damages, including reasonable costs and attorney's fees, based upon Liberty County's implied promise to comply with the competitive bid statute by its solicitation of bids, but was not liable to Baxter's for loss of profits or other consequential damages. Liberty County then sought discretionary jurisdiction in this Court. For the reasons expressed herein, we quash the decision of the district court.
In Florida, competitive bidding for the construction of county roads is controlled by chapter 336, Florida Statutes (1979). Pertinent subsections[1] state that the contract shall be let to the lowest responsible bidder but that the public body may reject any or all bids and require new bids to be made. Baxter's argues that these sections should be strictly construed and that strict standards be placed upon public authorities when competitive bids are *507 required by law. It cites a decision of the Supreme Court of New Jersey, L. Pucillo & Sons, Inc. v. Mayor of New Milford, 73 N.J. 349, 375 A.2d 602 (1977), as highly persuasive of its view; that case is distinguishable on at least two grounds, however. First, public policy in New Jersey is to curtail the discretion of local authorities by demanding absolute compliance with public bidding guidelines. Pucillo 375 A.2d at 605; Township of Hillside v. Sternin, 25 N.J. 317, 136 A.2d 265 (1957). In Florida, on the other hand, a public body has wide discretion in soliciting and accepting bids for public improvements and its decision, when based on an honest exercise of this discretion, will not be overturned by a court even if it may appear erroneous and even if reasonable persons may disagree. Berbusse; Culpepper v. Moore, 40 So.2d 366 (Fla. 1949). Second, the winning bidder in Pucillo gained a palpable economic benefit because of his bidding deviations and hence had an advantage over his competitors. In the case at bar, there was no such economic advantage. Gulf was put in no position superior to that of Baxter's or the other high bidders by its failure to submit a bid on Alternate A. Given the mutually exclusive nature of the two alternatives, the county commissioners had a full panoply of seven bids on Alternative B which they could compare with particularity and specificity. They then could make the informed choice from among the seven comparative bids as to which one was the lowest responsible bidder. In the instant case, Liberty County did this and picked Gulf. We find no error in this procedure.
This Court has previously said that public bids statutes "serve the object of protecting the public against collusive contracts and prevent favoritism toward contractors by public officials and tend to secure fair competition upon equal terms to all bidders, [and] they remove temptation on the part of public officers to seek private gain at the taxpayers' expense, are of highly remedial character, and should receive a construction always which will fully effectuate and advance their true intent and purpose and which will avoid the likelihood of same being circumvented, evaded, or defeated." Wester 138 So. at 724. Nothing in this policy is subverted by the trial court's actions. That court found that there was no connection between Gulf and any of the county commissioners which would have helped the latter in their decision-making. More importantly, the court found no illegality, fraud, oppression, or misconduct on the part of either Liberty County or Gulf and that Liberty County acted in good faith in the awarding of the subject bid. With no fraud or misconduct on Liberty County's part, it was clearly within the commission's discretion to award the subject bid to Gulf.
Baxter's further argues and the district court agreed that the waiving of the bid irregularity was unlawful since Gulf's failure to comply with the specifications was material. We disagree. Similar to Wood-Hopkins Contracting Co. v. Roger J. Au & Son, Inc., 354 So.2d 446 (Fla. 1st DCA 1978), the instant case is a situation of a relatively minor irregularity in the technical bidding requirements. Liberty County in the Advertisement for Bids reserved the right to waive irregularities in any bid and we find under the facts of the present case (with trial court findings of no fraud or misconduct on Liberty County's part and with no competitive advantage accruing to Gulf), that there was substantial compliance with the bidding statute.
Lastly, Baxter's argues that the district court was correct in awarding it damages based upon the doctrine of promissory estoppel in that "the public entity by soliciting bids promised that the contract would be awarded to the lowest possible bidder, and that the rejected bidder reasonably and detrimentally relied on that promise." 406 So.2d at 466. We need not address this issue since it has been found that the lowest responsible bidder was in fact Gulf and not Baxter's.
The opinion of the district court of appeal is hereby quashed and the final judgment of the trial court is reinstated.
It is so ordered.
ALDERMAN, C.J., and ADKINS, BOYD, OVERTON and McDONALD, JJ., concur.
NOTES
[1] All construction and reconstruction of roads and bridges, including resurfacing ... shall be let to contract to the lowest responsible bidder by competitive bid... .

§ 336.41(3), Fla. Stat. (1979).
Such contract shall be let to the lowest competent bidder... .
§ 336.44(2), Fla. Stat. (1979).
The commissioners may reject any or all bids and require new bids to be made.
§ 336.44(5), Fla. Stat. (1979).