# CENTER FOR FAMILY AND CHILD ENRICHMENT v DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES

## Case No. 85-2396

State of Florida, Division of Administrative Hearings

January 15, 1986

### APPEARANCES OF COUNSEL

**Dr. Larry Capp** for petitioner.

**Lawrence F. Kranert, Jr.** for respondent.

### OPINION

DONALD R. ALEXANDER, Hearing Officer.

Pursuant to notice, the above matter was heard before the Division of Administrative Hearings by its duly designated Hearing Officer, Donald R. Alexander, on November 26, 1985 in Fort Lauderdale, Florida.

## BACKGROUND

On May 30, 1985, respondent, Department of Health and Rehabilitative Services (HRS), gave notice that it intended to award a contract for intensive crisis counseling service in Broward County, Florida to Nova University. On June 10, 1985 petitioner, Center for Family and Child Enrichment, gave notice to HRS that it wished to file a protest to the award. This was followed by a letter dated June 14, 1985 advising that it wished a formal hearing to contest the award on the grounds (1) information regarding the bid process was "withheld" from petitioner, (2) the bid process was "inefficient, flawed, and biased, . . . and lacked thoroughness and objectivity," and (3) petitioner's bid proposal was "significantly superior to the one rated higher by the reviewers."

The matter was referred to the Division of Administrative Hearings by HRS on July 12, 1985, with a request that a hearing officer be assigned to conduct a hearing. By notice of hearing dated November 5, 1985, the final hearing in this matter was scheduled for November 27, 1985 in Fort Lauderdale, Florida.[1]

At final hearing petitioner presented the testimony of Maurice Wallace, the chairman of its board of directors, Alphonzo Finney, its executive director, and Charleyne W. Thompkins, its finance director. It also offered composite exhibit 1 which was received in evidence. Respondent presented the testimony of Phil Fleisher, an HRS grants specialist III.

The transcript of hearing was filed on December 30, 1985. Proposed findings of fact and conclusions of law were due on January 14, 1986. None were filed by either party.

The issue herein is whether the award by respondent of a contract for intensive crisis counseling services to Nova University was correct.

Based upon all of the evidence, the following findings of fact are determined:

## FINDINGS OF FACT

1. On an undisclosed date, respondent, Department of Health and Rehabilitative Services (HRS), gave notice, through the District 10 office in Fort Lauderdale, Florida, that it would receive bid proposals

---

[1] The scheduling of the final hearing was delayed because petitioner closed its Broward County office after the request for hearing was filed and left no forwarding address. Through efforts of respondent's counsel, petitioner was eventually located in Opa Locka, Florida in late October, 1985. The hearing was promptly scheduled thereafter.

from those persons interested in providing contractual services under the intensive crisis counseling program (ICCP) to Broward County clients. Under the program HRS provides grant funds to the successful bidder who then renders mental health services to selected HRS clients in Broward County. The request for proposal (RFP) contained the specific requirements of the program but was not introduced into evidence.

2. Two responses to the RFP were received by HRS. They were filed by petitioner, Center for Family and Child Enrichment (CFCE), and Nova University (Nova). Neither bid proposal was offered into evidence. CFCE is a non-profit corporation with offices in Miami and Opa Locka, Florida. For the two years ending June 30, 1985 it held the contract with HRS to provide intensive crisis counseling services in Broward County.

3. A selection committee comprised of five HRS employees was formed to evaluate the two bids, and to determine which organization better met the RFP's requirements. This evaluation process was conducted during a meeting on May 13, 1985. At that time the committee members rated each bidder individually, and their total points were then added together. Nova ranked highest with 432 points while CFCE finished second with 307 points. There is no evidence that the committee was biased, or that the review was conducted in a flawed or improper manner as alleged by CFCE.

4. At hearing CFCE contended that it was better qualified than Nova because it submitted a lower program cost, and because it could commence operations under the contract at an earlier date than could Nova. It also contended that Nova could not meet all requirements of the contract. However, the two bid proposals contained identical program costs. Moreover, even though it projected a later starting date, Nova proposed to serve 122 client families while CFCE's proposal indicated that only 81 families would be served which was less than that required by the RFP. There was no evidence that Nova could not meet the program requirements, or that CFCE submitted a superior proposal. There is also no evidence that HRS "withheld" information from CFCE during the bidding process as alleged in the request for hearing.[2] Therefore, it is found that the contract was properly awarded to Nova.

---

[2] Petitioner submitted a list of legal questions and informational requests to respondent in a letter dated July 2, 1985, which was apparently unanswered. However, this was after the bidding process had concluded, and in no way affected the actual bidding process.

## CONCLUSIONS OF LAW

1. The Division of Administrative Hearings has jurisdiction of the subject matter and the parties thereto pursuant to Subsection 120.57(1), Florida Statutes.

2. In this proceeding, petitioner carries the burden of establishing the allegations in its request for hearing. These include suggestions that information was "withheld" from petitioner, that the bid process was "inefficient, flawed, and biased . . . and lacked thoroughness and objectivity," and that petitioner's bid proposal was "significantly superior to the one rated higher by the reviewers." The evidence reveals that none of these allegations was substantiated at hearing, and indeed, the greater weight of evidence supports the agency's determination that Nova submitted the more responsive bid. Then, too, it is noted that an agency has wide discretion in soliciting and accepting bids, and its decisions, when based on honest exercise of this discretion, will not be overturned. *Liberty County v. Baxter's Asphalt and Concrete*, 421 So.2d 505, 507 (Fla. 1983).

3. There being insufficient evidence to warrant granting the relief requested by CFCE, and no showing that Nova was not the most responsive bidder, CFCE's appeal of the award of the bid should be DISMISSED, and the relief DENIED.

## RECOMMENDATION

Based on the foregoing findings of fact and conclusions of law, it is

RECOMMENDED that Center for Family and Child Enrichment's request to be awarded the 1985-86 contract for intensive crisis counseling service in Broward County be DENIED, and that the contract be awarded to Nova University.

DONE and ORDERED this 15th day of January, 1986, in Tallahassee, Florida.