ZEHMER, Judge.
In case number 87-1838, Harris/3M appeals a final order of the Department of Highway Safety and Motor Vehicles (DHSMV) finding that the low bid submitted by Harris/3M was unresponsive to an invitation to bid. In case number 87-2008, Harris/3M appeals a final order of the Department of General Services (DGS) authorizing DHSMV to negotiate with Office Systems Consultants (OSC), as the lowest responsible bidder, for the purchase of microfilm reader/printers that were the subject of Harris/3M’s bid. For the reasons stated below, we affirm both orders.
I.
On December 15, 1986, DHSMV issued an invitation to bid for the purpose of obtaining fifteen microfilm reader/printers for use by the Department in searching, reading, and printing motor vehicle documents. Bids were received from Harris/3M, Office Systems Consultants, Eastman Kodak, and Bell and Howell. The equipment bid by Harris/3M was the model MFB1100 Reader-Printer with a “page search” kit or controller. On January 12, 1987, the Department recommended that Harris/3M be awarded the bid.
Pursuant to section 120.53(5), Florida Statutes (1985), OSC filed a formal protest and Harris/3M was allowed to intervene in the protest proceeding. Following a section 120.57(1) formal hearing, the hearing officer entered his recommended order in which he found that the low bid submitted by Harris/3M was unresponsive to the Invitation to Bid and recommended an award to the protesting bidder, OSC. Because Fla.Admin.Code Rule 13A-1.001(12) defines “competitive bids” as meaning “two or more valid responses to an invitation to bid/proposal,” the Governor and cabinet, sitting as the agency head of DHSMV, did not award the contract to OSC and remanded the case to the hearing officer for further findings on the responsiveness of the bids of the other two vendors, Eastman Kodak and Bell and Howell.
On September 3, 1987, the hearing officer issued his order on remand finding that under the circumstances the bids of Bell and Howell and Eastman Kodak had to be treated as nonresponsive and could not be revived or considered any further. The order concluded that Harris/3M should be disqualified as the successful bidder, leaving OSC as the only remaining responsive bidder.
On October 20, 1987, the Governor and cabinet, again sitting as agency head of DHSMV, entered a final order adopting the amended recommended order of the hearing officer. Because there were not two responsive bids, and thus no “competitive bids” as defined in rule 13A-1.001(12), the Governor and cabinet also ordered DHSMV, pursuant to rule 13A-1.002(3), Fla.Admin.Code,[1] to apply to DGS for permission to negotiate with OSC upon the best terms and conditions for the purchase of the fifteen microfilm reader/printers, and further authorized DHSMV to contract with OSC for purchase of the equipment if such permission were granted. DGS’s Division of Purchasing subsequently allowed the DHSMV to negotiate with OSC for the purchase of the reader/printers.
*835 II.
In the appeal from the order sustaining the bid protest, Case Number 87-1838, we find no error in respect to any of Harris/3M’s points. Only one issue, Harris/3M’s contention that there is no competent substantial evidence to support the hearing officer’s finding that the equipment bid by Harris/3M was not available at the time of the bid, merits discussion.
General Condition 4(d) of the Invitation to Bid, dealing with Condition and Packaging, states:
It is understood and agreed that any item offered or shipped as a result of this bid shall be a new, current standard production model available at the time of the bid. All containers shall be suitable for storage or shipment, and all prices shall include standard commercial packaging.
(R. 135) (emphasis added). The hearing officer found that the “facts in this case show that while the MFB1100 may have been new and may have been a standard production model, that it was not available at the time of bid equipped with the page search kit” (emphasis added). In so ruling, the hearing officer had before him ample evidence to support this finding. There was testimony that the equipment bid by Harris/3M was a new model that had been released for sale quite recently, and that Harris/3M, in response to DHSMV’s request for a demonstration of the machine with the page search kit in Tallahassee, had indicated a preference to perform the demonstration at its home office in St. Paul, Minnesota, because otherwise it would have to disassemble the pilot model located there and reassemble it in Tallahassee. Harris/3M’s district manager who signed the bid and Harris/3M’s representative who prepared the bid testified at the instance of OSC and could not confirm that the equipment specified in the bid was readily available on the date the bid was submitted, although each did say that a release for sale by the home office usually meant the product was ready for sale. This evidence supports an inference that the equipment as bid was not readily available, and was sufficient to place the burden on Harris/3M to go forward with evidence showing that the equipment was in fact available, which it did not do. Thus, the record contains competent substantial evidence to support the hearing officer’s finding of fact on this disputed issue.
III.
The ultimate issue raised in case number 87-2008 on the appeal from the order authorizing DHSMV to negotiate with OSC is whether the decision conforms with the terms of rule 13A-1.002(3) and is not an unreasonable, arbitrary and capricious exercise of the agency’s authority. This question must be answered in the affirmative in view of our recent decision in Satellite Television Engineering Inc., v. Department of General Services, 522 So. 2d 440 (Fla. 1st DCA 1988). In that case we construed the definition of “responsive bidder” in section 287.012(12), Florida Statutes (1985), and held that the requirement in rule 13A-l.001(3), defining competitive bids, that two or more valid responsive bids were necessary to make a contract award, was inconsistent with the meaning and intent of the applicable statutes. That decision effectively invalidated this requirement of the rule and permitted the award of a contract if only one responsive bid was submitted.
In the case before us, rules 13A-1.-001(12) and 13A-1.002(3) were applied to require DHSMV to obtain permission from DGS to negotiate a contract with OSC. Under our decision in Satellite Television Engineering Inc., v. Department of General Services, 522 So.2d 440, the statute required only one responsive bid, and the award of the contract to that bidder in the absence of any lower qualified and responsive bid was clearly authorized. Although it was error for the Governor and cabinet to direct DHSMV to obtain permission to negotiate with OSC rather than simply awarding the contract to OSC as the lowest bidder, this error was harmless since OSC was ultimately authorized to receive the contract. The appealed order did not, therefore, constitute an unreasonable, arbitrary and capricious exercise *836 of the agency s statutory authority. See Liberty County v. Baxter’s Asphalt and Concrete, Inc., 421 So.2d 505 (Fla.1982); Capeletti Brothers, Inc. v. Department of General Services, 432 So.2d 1359 (Fla. 1st DCA 1983).
The appealed order in each case is AFFIRMED.
ERVIN and WENTWORTH, JJ., concur.

. Rule 13A-1.002(3) provides in pertinent part:
When no competitive bids/proposals are received for the purchase of a commodity or group of commodities exceeding the threshold amount for Category Two in the bid/proposal solicitation, the agency shall review the situation in order to determine the reasons, if any, why no competitive bids/proposals were received before issuing a second invitation to bid/request for proposals; provided, however, if the agency determines that commodities are available only from a single source, or that conditions and circumstances warrant negotiation on the best terms and conditions, then the agency head may make a certification, in writing, as to the conditions and circumstances to the Division of Purchasing. In addition, a copy of the complete bid invitation or request for proposal, a copy of any bids/proposals received, along with a tabulation sheet noting "no bid/no proposal” responses, a list of vendors by name and address from whom bid invitations/proposals were solicited and a copy of the notice of intended award indicating no protest has been filed within the prescribed posting time must accompany the certification. The Division may, in writing, authorize the purchase or negotiation or require issuance of a second invitation to bid or request for proposal.