608 So.2d 851 (1992)
OVERSTREET PAVING COMPANY, Appellant,
v.
STATE of Florida, DEPARTMENT OF TRANSPORTATION, Appellee.
Nos. 91-02071, 91-02469.
District Court of Appeal of Florida, Second District.
October 9, 1992.
Rehearing Denied December 1, 1992.
John H. Rains, III, of Annis, Mitchell, Cockey, Edwards & Roehn, P.A., Tampa, for appellant.
Thornton J. William, General Counsel, and Gregory S. Costas, Assistant General Counsel, Dept. of Transp., Tallahassee, for appellee.
W. Robert Vezina, III, and Mary M. Piccard of Cummings, Lawrence & Vezina, P.A., Tallahassee, for Amicus Curiae, Florida Transp. Builders' Assn.
*852 ALTENBERND, Judge.
Overstreet Paving Company appeals a final order from the Department of Transportation (DOT) dismissing its protest of the award of bid on a DOT road project to David Nelson Construction Company. Overstreet submitted the low bid, which was declared nonresponsive due to a technical omission. We reverse the order. Since the bid has already been awarded to the next lowest responsible bidder, we remand for further proceedings in circuit court.
This case is extraordinarily similar to Asphalt Pavers, Inc. v. State, Department of Transportation, 602 So.2d 558 (Fla. 1st DCA 1992), and arises out of the same bid letting. Asphalt Pavers' and Overstreet's bids concern different portions of this project, but both involve a low bid that was declared nonresponsive after DOT determined that a subcontractor's disadvantaged business enterprise (DBE) utilization form was missing from the bidder's packet. In Asphalt Pavers, the bid packet was missing a form prepared by one DBE subcontractor, H.S. Thompson. In this case, the missing form was prepared by another DBE subcontractor, Advanced Barricades. These are the only two sealed bids which have ever been discovered to be missing a DBE form at a bid opening, and these two bids were apparently next to one another on a table at the bid opening.
In Asphalt Pavers, the hearing officer expressly found that the "bid did include the documentation at the time it was presented to DOT, but that it was somehow detached and lost after opening." 602 So.2d at 560. The First District relied upon this finding to reverse DOT's order. It concluded that the bid was arbitrarily rejected under the standards described in Department of Transportation v. Groves-Watkins Constructors, 530 So.2d 912 (Fla. 1988). We agree with the analysis and the result in Asphalt Pavers, but a slight variation in our facts requires a different analysis in this case.
As in Asphalt Pavers, the hearing officer in this case found that the subcontractor had submitted its DBE form to Overstreet on the evening before the sealed bid was submitted to DOT. The hearing officer accepted, as unrefuted testimony, the following proposed finding of fact:
On Wednesday morning, January 23, Overstreet took the material it had gathered with its bid blank for the Project, including the DBE Utilization Summary Form, the computer disk, together with a hard copy of the bid disk, after checking signatures and counting seven signed DBE Utilization Sheets, and sealed them in [its] bid envelope. Both Mr. Vance and Mr. Overstreet had personally checked and counted to make sure that the correct number of DBE Utilization Forms were inserted in the bid package before the envelope was sealed. Mr. Vance then delivered the sealed envelope to the DOT Auditorium.
DOT argues that the final order dismissing Overstreet's bid protest can be distinguished from Asphalt Pavers because the hearing officer in Overstreet's case never expressly found that the form was lost after the bid was delivered to DOT. We recognize this difference, but it does not justify a different result.
At the outset of this brief analysis, we observe that, assuming Overstreet and Asphalt Pavers had each inadvertently omitted these two DBE forms and random luck was the only reason that their bids were stacked next to one another on the table, DOT would still clearly have had the discretion to overlook the omission of this form as a minor, technical discrepancy. See Liberty County v. Baxter's Asphalt & Concrete, 421 So.2d 505 (Fla. 1982); Harry Pepper & Assocs. v. City of Cape Coral, 352 So.2d 1190 (Fla. 2d DCA 1977). The hearing officer correctly determined that the omission of this form did not give Overstreet any competitive advantage. Our record contains nothing to explain why DOT, especially in this era of budget shortfalls, desired to pay the next lowest bidder an additional $150,000 of taxpayers' money to perform this work.
DOT correctly argues that:
[A] public body has wide discretion in soliciting and accepting bids for public improvements and its decision, when *853 based on an honest exercise of this discretion, will not be overturned by a court even if it may appear erroneous and even if reasonable persons may disagree.
Groves-Watkins, 530 So.2d at 913 (emphasis original), citing Liberty County, 421 So.2d at 507. As a result of this wide discretion, the supreme court held in Groves-Watkins that "the hearing officer's sole responsibility is to ascertain whether the agency acted fraudulently, arbitrarily, illegally, or dishonestly." 530 So.2d at 914. Although this test was announced in the context of an agency decision to reject all bids, we assume that it also applies in the context of a decision to reject the lowest bid from a responsible bidder as nonresponsive due to a technical deviation.
We conclude that the hearing officer and DOT have erroneously interpreted this legal standard. DOT has consistently argued that Overstreet must prove that DOT was responsible for the loss of the DBE form, and that DOT was free to reject the Overstreet bid in the absence of such proof. DOT overlooks the fact that the sealed bid was in its custody and control after delivery by Overstreet. At least concerning a technical document that has no impact on competitive bidding, in light of DOT's bid opening procedures, we conclude that the bidder must merely establish a prima facie case that the technical document was included in the sealed package. At that point, unless DOT desires to and can adequately refute the prima facie case, it is arbitrary for it to accept a higher bid.
In this case, DOT used several different employees to open the numerous bids in public. The bids were not immediately inventoried in the presence of any witness to determine whether, at the moment they were opened, they contained each and every necessary page. In light of the complexity of these bids, such a procedure may not be practicable. Because the bids were not immediately inventoried and were then moved from place to place, it is possible that: 1) the bidder failed to include the document in the sealed bid, or 2) somehow the document was misplaced after the bid was opened. As this case and Asphalt Paver demonstrate, determining which option is the truth in an administrative hearing is a difficult, if not impossible, process. Neither the bidder nor DOT has much ability to prove directly one option or the other.
It may be that such a difficult issue of proof must be confronted when the missing document is material to the bid, results in competitive advantage, or is not a matter that the agency has the discretion to overlook. When the document is a mere technicality, however, it seems imprudent to confront such an issue unnecessarily. If a low bidder provides prima facie evidence that it submitted a complete bid, any reasonable person would conclude that it was arbitrary for a governmental agency to reject that bid merely because a technical document cannot thereafter be found. As the Third District has noted:
There is a very strong public interest in favor of saving tax dollars in awarding public contracts. There is no public interest, much less a substantial public interest, in disqualifying low bidders for technical deficiencies in form, where the low bidder did not derive any unfair competitive advantage by reason of the technical omission.
Intercontinental Properties, Inc. v. State, Dep't of Health & Rehabilitative Servs., 606 So.2d 380, 386 (Fla. 3d DCA 1992).
In this case, the hearing officer's findings of fact clearly established an unrefuted, prima facie case that Overstreet included the DBE form in its sealed bid. Accordingly, the hearing officer could not legally recommend that the low bidder's protest be dismissed. DOT erred, as a matter of law, when it adopted the hearing officer's recommendation.
Because this bid has already been awarded and DOT did not agree to a stay pending appeal, Overstreet no longer has a meaningful remedy by administrative hearing to receive the award of this bid. Accordingly, we remand for "ancillary relief" pursuant to section 120.68(13)(a)2., Florida Statutes (1991), in an appropriate circuit court. We express no opinion concerning the remedy or damages available to Overstreet *854 in that action. See The Florida Bar Continuing Legal Education Florida Administrative Practice § 6.200 (3d ed. 1990).
Reversed and remanded.
LEHAN, C.J., and PARKER, J., concur.