PER CURIAM.
The appellant challenges a final order in which the Department of Transportation (the department) rejected certain findings of fact and conclusions of law of the hearing officer and thereby denied the appellant’s bid protest. Because the hearing officer’s recommended order was supported by competent substantial evidence and did not involve a misapplication of law, we reverse.
The appellant submitted the lowest bid for a contract to construct a highway project. The department rejected the bid as nonre-sponsive and notified the appellant of its intent to award the contract to the next lowest bidder. The appellant filed a timely protest, and, following a hearing, the hearing officer determined that the discrepancy in the appellant’s bid was a minor irregularity that did not convey an improper advantage to the appellant. The hearing officer thus concluded that the department acted arbitrarily in rejecting the appellant’s bid and recommended that the department award the bid to the appellant. The department rejected the hearing officer’s findings that the discrepancy was minor and that the irregularity did not result in a competitive advantage to the appellant, and thus concluded that it had not acted arbitrarily in rejecting the appellant’s bid.
Contrary to the department’s position, we conclude that the record contains competent substantial evidence to support-the hearing officer’s findings and that the department thus erred in rejecting those findings on that basis. See, e.g., Department of Transportation v. Groves-Watkins Constructors, 530 So.2d 912, 913 (Fla.1988); see also Overstreet Paving Co. v. Department of Trans., 608 So.2d 851 (Fla. 2d DCA 1992); Asphalt Pavers v. Department of Trans., 602 So.2d 558 (Fla. 1st DCA 1992). And the findings amply demonstrate that the department acted arbitrarily in rejecting the appellant’s bid.
We accordingly reverse the final order. We remand this cause to the department for an order awarding the contract to the appellant, if the contract has not already been awarded to a competitor. If the contract has already been awarded, the appellant may seek ancillary relief pursuant to section 120.-68(13)(a)2, Florida Statutes (1993), in an appropriate circuit court. See Overstreet Paving, 608 So.2d at 853.
ALLEN, KAHN and MICKLE, JJ., concur.