789 So.2d 445 (2001)
ENGINEERING CONTRACTORS ASSOCIATION OF SOUTH FLORIDA, INC., Florida Transportation Builders Association, Inc., Central Florida Equipment Rentals, Inc., Community Asphalt Corporation, the Demoya Group, Inc., Freedom Pipeline Corp., and the Redland Company, Inc., Appellants,
v.
BROWARD COUNTY, Florida, a political subdivision of the State of Florida, Appellee.
No. 4D00-2319.
District Court of Appeal of Florida, Fourth District.
June 27, 2001.
*447 Mike Piscitelli and Frederick J. Springer of Vezina, Lawrence & Piscitelli, P.A., Fort Lauderdale, for appellants.
Edward A. Dion, Broward County Attorney, and Andrew J. Meyers, Chief Appellate Counsel, and Tamara M. Scrudders, Assistant County Attorney, Fort Lauderdale, for appellee.
STEVENSON, J.
In this appeal, we are required to decide whether Broward County's newly-implemented bidding procedure for the award of county road construction projects, employing a combination of short-listing and competitive sealed bidding, is contrary to Florida law. We hold that it is and reverse the order of the trial court upholding the new procedure.

Background
Prior to 1999, Broward County relied upon a formal competitive sealed bidding process to award county road and bridge projects, letting the contract to "the lowest competent bidder." In early 1999, Broward County amended its Procurement Code, and changed the procedure used to award county road and bridge projects. The amendment to chapter 21 of the Procurement Code contained fairly standard language concerning the review of bids for public contracts and included the following provision:
21.41. Determination of Nonresponsibility.
. . . .
c. The awarding authority may consider any unresolved concern regarding an offeror, including a bidder or proposer, prior to making an award. At any time prior to award, the awarding authority may find that an offeror is not responsible to receive a particular award. The awarding authority may consider the following factors, without limitation: debarment or removal from the authorized vendors list or a final decree, declaration or order by a court or administrative hearing officer or tribunal of competent jurisdiction that the offeror has breached or failed to perform a contract, claims history of the offeror, performance history on a County contract(s), an unresolved concern, or any other cause under this code and Florida law for evaluating the responsibility of an offeror.
The underlined language was added by the amendment.
Following the amendment to the Procurement Code, the County changed the procedure used to award county road projects, opting for a combination of shortlisting and traditional sealed bidding. The trial court described the change as follows:
Previously, Broward County would advertise that bids would be accepted on road projects, and all road contractors were permitted to submit bids.... The primary difference between these two *448 processes is that the New Procurement Process restricts the number of bidders and, therefore, the lowest responsible, responsive bidder may be chosen from fewer submitted bids.
Under the new procedure only those contractors who make the "short-list" may submit sealed bids. To obtain its shortlist, the County first publishes a "Request for Letters of Interest" (RLI) in the project. The County then attaches to the RLI a list of factors that will be considered in the short-listing decision process.[1] County "staffers" then prepare a spreadsheet on each contractor, assigning either an "acceptable" or "unacceptable" rating on each of the categories based upon the contractor's responses to the RLI. These spreadsheets are sent to the selection committee, which is comprised of some Broward County commissioners and management level personnel. A meeting is then held and committee members vote for their top choices. After the votes are cast and tallied, a determination is made regarding how many votes a contractor must have received in order to make the short-list. Those contractors that make the short-list then engage in traditional competitive sealed bidding.
This new procedure was used in the selection process for the Hiatus Road Project, the Wiles Road Project, the Douglas Road Project, and the Broward Boulevard Project. The contractor appellants in this appeal responded to the County's Request for Letters of Interest on one or more of the four projects. The only contractor to make the short-list on any one of the four projects was Community Asphalt. As a result, in November 1999, the appellant contractorsCentral Florida Equipment Rentals, Inc., Community Asphalt Corporation, The DeMoya Group, Inc., Freedom Pipeline Corp., and The Redland Company, Inc.and two professional organizations Engineering Contractors Association of South Florida, Inc., and Florida Transportation Builders Association, Inc.filed suit, alleging, among other things, that the new procedure was contrary to chapter 336, Florida Statutes, and seeking a declaratory judgment and injunctive relief.
A bench trial was held, and the evidence presented regarding the manner in which the new procedure had been implemented was largely consistent with the allegations of the plaintiffs' complaint. The staff evaluations created based upon the contractors' responses to the RLIs were consistent with the representations in the complaintsome contractors who received all "+" or all "acceptables" did not receive a single vote so as to be placed on the short-list. For the most part, those who sat on the selection committee could not recall specifically why they voted for one contractor over another or even why they voted for a particular contractor on one project but not another. Some testified that they cast their votes based upon past personal experiences with the companies, some favored companies headquartered in Broward County, some considered how cooperative contractors have been with the County in the past, and some considered it a plus if a firm was owned and operated by a minority.
Both parties agreed that the relevant statutes are section 255.20, in the chapter entitled "Public Property and Publicly *449 Owned Buildings," section 336.44, "County Road System," and section 336.41, which is referenced by section 336.44. These statutes provide in relevant part:
255.20 Local bids and contracts for public construction works; specification of state-produced lumber.
(1) A county ... seeking to construct or improve a public building, structure, or other public construction works must competitively award to an appropriately licensed contractor each project.... As used in this section, the term "competitively award" means to award contracts based on the submission of sealed bids, proposals submitted in response to a request for proposal, proposals submitted in response to a request for qualifications, or proposals submitted for competitive negotiation.
336.41 Counties; employing labor and providing road equipment; definitions.
(1) The commissioners may employ labor and provide equipment as may be necessary, except as provided in subsection (3), for constructing and opening of new roads or bridges and repair and maintenance of any existing roads and bridges.
. . . .
(3) All construction and reconstruction of roads and bridges ... to be performed utilizing the proceeds of the 80 percent portion of the surplus of the constitutional gas tax[2] shall be let to contract to the lowest responsible bidder by competitive bid....
336.44 Counties; contracts for construction of roads; procedure; contractor's bond.
(1) The commissioners shall let the work on roads out on contract, in accordance with s. 336.41(3).
(2) Such contracts shall be let to the lowest competent bidder....
(3) Upon accepting a satisfactory bid, the commissioners shall enter into a contract with the party whose bid has been accepted.
§§ 255.20(1), 336.41(1), (3), 336.44(1)-(3), Fla.Stat. (1999).
The plaintiffs contended that section 336.44, by reference to section 336.41(3), requires the County to let road construction contracts utilizing gas tax funds to "the lowest responsible bidder" and that the new procedure is contrary to this requirement as it excludes qualified bidders and makes responsibility a competitive factor. The trial court disagreed, rendering an eight-page judgment in favor of Broward County. In short, the court found that the new bidding procedure did not violate the provisions of chapter 336. The judge reasoned that, although section 336.44 required the project to be awarded to "the lowest competent bidder by competitive bid," there was nothing in the statute which required that every qualified bidder be permitted to bid. The instant appeal followed.
We begin by noting that, while the parties disagree about whether the appellant contractors had standing to bring the instant suit and the resulting appeal due to an alleged failure to exhaust available administrative remedies, there has been no challenge to the professional associations' standing. Consequently, the merits of the appellants' arguments on appeal are squarely before us. We, thus, turn to the appellants' contention that the trial court erred in finding that the newly-adopted bidding procedure is consistent with chapter *450 336a decision that we review de novo. See Racetrac Petroleum, Inc. v. Delco Oil, Inc., 721 So.2d 376, 377 (Fla. 5th DCA 1998)("[J]udicial interpretation of Florida statutes is a purely legal matter and therefore subject to de novo review.").
As the County asserts, the Florida Constitution provides charter counties with the power to "enact county ordinances not inconsistent with general law." See Art. VIII, § 1(g), Fla. Const. An ordinance is "inconsistent" with state law when the ordinance "specifically conflict[s] with a state statute." Lowe v. Broward County, 766 So.2d 1199, 1206-07 (Fla. 4th DCA 2000), review denied, No. SC00-2252, 789 So.2d 346 (Fla. Apr.4, 2001). The test of such a conflict "`is whether one must violate one provision in order to comply with the other.'" Id. at 1207 (quoting Jordan Chapel Freewill Baptist Church v. Dade County, 334 So.2d 661 (Fla. 3d DCA 1976)). Plainly, section 21.41 makes no reference to short-listing and then limiting those who will be permitted to bid to only those contractors who make the list. The newly amended section 21.41 simply authorizes the County, prior to the award of the contract, to find that an offeror or bidder is "not responsible." This language is not in conflict with chapter 336; any conflict with chapter 336 results not from the amendment to the Procurement Code, but from the process that the County began utilizing following the amendment.
The New Bidding Procedure
In Florida, ... a public body has wide discretion in soliciting and accepting bids for public improvements and its decision, when based on an honest exercise of this discretion, will not be overturned by a court even if it may appear erroneous and even if reasonable persons may disagree.
Liberty County v. Baxter's Asphalt & Concrete, Inc., 421 So.2d 505, 507 (Fla.1982). At the same time, competitive bidding statutes must always be viewed with the public's protection in mind.
Competitive bidding statutes are enacted for the protection of the public. They create a system by which goods or services required by public authorities may be acquired at the lowest possible cost. The system confers upon both the contractor and the public authority reciprocal benefits, and exacts from each of them reciprocal obligations. The bidder is assured fair consideration of his offer, and is guaranteed the contract if his is the lowest and best bid received. The principal benefit flowing to the public authority is the opportunity of purchasing the goods and services required by it at the best price obtainable. Under this system, the public authority may not arbitrarily or capriciously discriminate between bidders, or make the award on the basis of personal preference.
Marriott Corp. v. Metro. Dade County, 383 So.2d 662, 665 (Fla. 3d DCA 1980)(quoting Hotel China & Glassware Co. v. Bd. of Pub. Instruction, 130 So.2d 78, 81 (Fla. 1st DCA 1961))(emphasis omitted).
While section 21.42 of the Procurement Code provides that the County may utilize any type of procurement method which will promote the "best interests of the County" and section 21.64 provides that the Director of Purchasing shall use the best method available for obtaining construction services, including any accepted method utilized by government or private industry, the Procurement Code cannot be interpreted to authorize methods which are inconsistent with general law. Section 255.20, Florida Statutes, authorizes the award of contracts by a variety of methods, some of which would include the type *451 of short-listing procedure used here, while sections 336.41 and 336.44, which are specific to county road and bridge projects, require that the contract "be let to the lowest responsible bidder" and "to the lowest competent bidder," respectively. It is a well-known principle of statutory construction that "a specific statute covering a particular subject area controls over a statute covering the same and other subjects in more general terms." C.S. v. S.H., 671 So.2d 260, 268 (Fla. 4th DCA), review denied, 680 So.2d 424 (Fla.1996). Applying that rule to the instant case, the contracts here were required to be let to the lowest "competent" or "responsible" bidder.
Statutes requiring a governmental agency to let a contract to the lowest "responsible" bidder have not been construed to mean, literally, the lowest dollars and cents bidder. See Couch Constr. Co. v. Dep't of Transp., 361 So.2d 184, 187 (Fla. 1st DCA 1978). Rather, "`authorizations of this kind are held to invest public authorities with discretionary power to pass upon the honesty and integrity of the bidder necessary to a faithful performance of the contract-upon his skill and business judgment, his experience and his facilities for carrying out the contract, his previous conduct under other contracts, and the quality of his previous work....'" Id. (quoting 64 Am.Jur.2d Public Works & Contracts, § 70, at 927-28)(emphasis omitted); see also City of Pensacola v. Kirby, 47 So.2d 533, 535 (Fla.1950)(holding that statute requiring award of contract to "lowest responsible" bidder does not require agency to award contract to the "lowest dollars and cents" bidder). Clearly, Broward County is permitted to consider the factors listed in the RLI in determining whether a particular bidder is "responsible" or "competent" to bid on a construction project.
Nonetheless, under the short-listing procedure used, some contractors who are admittedly responsible and satisfy all of the criteria listed in the RLI are still not permitted to submit a bid. The evidence at trial established that all of the contractors were considered responsible bidders by those on the selection committees.[3] Ultimately, the contract is let not to the lowest responsible or lowest competent bidder, but instead to the lowest bidder among those contractors preferred by the selection committee. Such a result is contrary to the dictates of chapter 336 and circumvents the purposes of competitive bidding statutes. See Wester v. Belote, 103 Fla. 976, 138 So. 721, 724 (1931)(stating that competitive bidding statutes must be afforded "a construction always which will fully effectuate and advance their true intent and purpose and which will avoid the likelihood of same being circumvented, evaded, or defeated")(emphasis added). The new system injects into the proceedings the very subjectivity and personal preferences that the bidding statutes were designed to do away with.
Accordingly, we reverse the order of the trial court and find that the procedures at issue in this case which the County used to implement the new procurement code were legally improper.
POLEN and TAYLOR, JJ., concur.
NOTES
[1] In the instant case, these factors were (1) experience on similar roadway and bridge construction projects; (2) staff and equipment dedicated to the project; (3) bonding capacity; (4) current construction projects; (5) meeting or exceeding SDBE goals; (6) references, with contact names and phone numbers; and (7) project claims and litigation history for the past five years.
[2] The parties agree that such proceeds have been used here.
[3] Under section 21.41 of Broward County's Procurement Code, the County's Director of Purchasing is obligated to make a written determination of "nonresponsibility of an offeror" in connection with competitive sealed proposals.