823 So.2d 798 (2002)
CITY OF SWEETWATER, Appellant,
v.
SOLO CONSTRUCTION CORPORATION, Appellee.
No. 3D01-3349.
District Court of Appeal of Florida, Third District.
May 1, 2002.
Dissenting Opinion on Denial of Rehearing August 21, 2002.
*799 Irizarri & Gersten and Ramon Irizarri, Miami, for appellant.
Elder, Kurzman & Vaccarella and David R. Elder and Vincent F. Vaccarella, Miami, for appellee.
Before SCHWARTZ, C.J., and COPE and SORONDO, JJ.
PER CURIAM.
The City of Sweetwater appeals from the following judgment with which we entirely agree:

FINAL JUDGMENT
THIS CAUSE came before the Court on September 20 and 21, 2001 for Trial on Plaintiff's Complaint for Writ of Mandamus and Injunctive Relief, and the Court, having heard testimony of the witnesses, reviewed the evidence introduced, reviewed proposed findings of fact and final judgments considered argument of counsel, and being otherwise duly advised in the premises;
It is hereby Ordered and Adjudged as follows:
Findings of Fact:
1. On June 15, 2001, the City of Sweetwater issued an Invitation to Bid for City Project NO. SW01-2001, The City of Sweetwater Stormwater Improvements Project. Instructions to Bidders were included in the Invitation that informed Bidders of the conditions for bidding. Paragraph 18 of the Instructions to Bidders established the basis for the award of the contract and provided:
"The Contract will be awarded to the responsive, responsible Bidder submitting the lowest acceptable Proposal."
2. Paragraph 18 also defined the term "responsible bidder" as follows:
"Responsible bidder shall be defined as any person, firm or corporation submitting a bid for the work contemplated who maintains a permanent place of business, has adequate plant equipment to do the work properly and within the time limit that is established, and has adequate status to meet his obligations contingent to the work."
(Plaintiff's Ex. 1).
3. On June 26, 2001, a pre-bid meeting was held wherein Bidders were informed that the time for contract performance would also be part of the selection process. (Testimony of Greg Jeffries, Plaintiff's Ex. 7.) On July 11, 2001, bids were opened at the City commission meeting. (Plaintiffs Ex. 8.) Solo Construction Corporation was the apparent low bidder submitting a bid for the total amount of $2,168,230.00, and offering to perform *800 the work in 180 days. Felix Equities, Inc. submitted the second lowest bid in an amount of $2,285,610.00. United Engineering Corporation was the third lowest bidder submitting a bid that totaled $2,339,204.00, and offering to perform the work within 270 days. United's bid was $170,974.00 higher than the bid of Solo, and 90 days slower in time for project completion. (Testimony of Greg Jeffries, Plaintiffs Ex. 3 and 4.)
4. At the July 11, 2001 Commission Meeting, the Mayor of the City, Jose Diaz, announced that a bid review committee of himself, the City Attorney, Ramon Irizzari, Esq., and the Consultant Engineer, Greg Jeffries, would review the bids and award the contract to the "most responsible bidder". (Plaintiff's Exhibit 2 and 8.) At trial, Mayor Diaz admitted that he believed that he could award the contract to the most responsible bidder, testifying as follows:
Q. On July 11 of this year did you, as the strong mayor, believe that you could evaluate responsible bidders and determine which of those bidders you were going to award a contract to?
A. Yes sir.
Q. An even though Solo was the low bidder, one of the responsive bidders and one of the responsible bidders, you believed at that time you could still award it to another contractor?
A. Yes, based on all the information. (Testimony of Mayor Diaz, Transcript p. 49-50 lines 22-7.)
5. Subsequently, the Mayor appointed three individuals to evaluate the bidders and find the "most responsible" bidder. The individuals appointed by the Mayor differed from the individuals identified at the July 11, 2001, City Commission meeting. The individuals appointed by the Mayor were Domingo Moya, assistant to the Mayor, Carlos Lanza, Director of Building and Zoning and Public Works for the City, and Greg Jeffries, the consultant engineer. (Testimony of Mayor Diaz.)
6. The bid review committee members were given "Contractor Selection Scoring" sheets by the Mayor and asked to find the most responsible bidder. The contractor selection scoring sheets included numerous categories, which were not advertised as part of the bid manual and included columns to score and compare each bidder. (Plaintiff's Exhibit 6.) The scoring criteria for the various and sundry categories was not advertised, or defined in the bid documents. (Plaintiff's Exhibit 1.) The members of the selection committee were not given any directions or standards as to how the bidders were to be scored. Ultimately, the manner in which bidders were scored was not uniform. (Testimony of Greg Jeffries, Domingo Moya, Carlos Lanza.)
7. The testimony given by the bid committee members revealed a wide disparity in how bidders were scored. Carlos Lanza did not recall completing his contractor selection scoring sheet and as he had only recently been appointed to his position, did little to evaluate the bidders. Domingo Moya did not perform any investigation into the bidders, and scored his selection sheet based solely upon the City of Sweetwater Police Department's Background check. Greg Jeffries made some calls to public agencies to attempt to ascertain recommendations about the bidders, but admitted that such recommendations could be arbitrary. (Testimony of Greg Jeffries, Transcript p. 90 lines 14-15.) All of the bid committee members compared *801 the various bidders based upon their total scores to arrive at a winner or most responsible bidder. (Plaintiffs Exhibits 6 and 10). United Engineering Corporation was selected for award as the most responsible bidder as it was scored the highest on the Contractor Selection Scoring Sheets.
8. Solo Construction Corporation received scores of 70, 73 and 80 out of 90 from the committee members. All of the committee members testified that Solo submitted a responsive bid. (Plaintiffs Exhibit 6, Testimony of Mssrs. Jeffries, Lanza and Moya.)
9. The testimony of the committee members revealed that Solo was found to be a responsible bidder. In fact, all of the committee members testified that they believed that Solo had appropriate experience, equipment and status and was qualified to perform the project. The Mayor testified that Solo was a responsible bidder.
Q. And there is nothing on those evaluations, because I know you answered that question honestly, that says Solo is not a responsible bidder. True?
A. I stated that the most responsive responsible bidder I didn't believe was Solo.
Q. No. But there is nothing on those evaluations that indicates Solo is not a responsible bidder?
A. No.
Q. Its not there.
A. No.
Q. Solo is a responsible bidder and United is a responsible bidder?
A. They are all responsible bidders. (Testimony of Mayor DiazTranscript page 45, line 11 through 25.)
CONCLUSIONS OF LAW
10. As the lowest responsive, responsible bidder, Solo Construction Corporation has a clear legal right to the award of the Contract for Stormwater Improvements from the City of Sweetwater. As the lowest responsive, responsible bidder, Solo has suffered an injury which is different than that of the community as a whole and does not have an adequate remedy at law. Mid-American Waste Systems of Florida, Inc. v. City of Jacksonville, 596 So.2d 1187 (Fla. 1st DCA 1992), Miami-Dade County v. Church & Tower, Inc., 715 So.2d 1084, 1086 (Fla. 3d DCA 1998).
[1] 11. There is a great public interest in ensuring that contracts be awarded to effectuate the intent of the competitive bid laws. See Engineering Contractors of South Florida, Inc. v. Broward County, 789 So.2d 445 (Fla. 4th DCA 2001); City of Miami Beach v. Klinger, 179 So.2d 864 (Fla. 3d DCA 1965).
[2, 3] "Florida's competitive bid statutes are enacted for the protection of the public. They create a system by which goods or services required by public authorities may be acquired at the lowest possible cost. The system confers upon both the contractor and the public authority reciprocal benefits, and confers upon them reciprocal obligations. The bidder is assured fair consideration of his offer, and is guaranteed the contract if his is the lowest and best bid received. The principal benefit to the public authority is the opportunity of purchasing the goods and services required of it at the best price obtainable. Under this system, the public authority may not arbitrarily or capriciously discriminate between bidders, or make the bid based upon personal preference." Marriott Corp. v. Metro. Dade County, *802 383 So.2d 662, 665 (Fla. 3d DCA 1980)(quoting Hotel China and Glassware Co. v. Bd. of Pub. Instruction, 130 So.2d 78, 81 (Fla. 1st DCA 1961)).
[4, 5] The purpose of competitive bidding is to secure the lowest responsible offer. See Robinson Elec. v. Dade County, 417 So.2d 1032 (Fla. 3d DCA 1982).
12. While a public authority has wide discretion in award of contracts for public works on competitive bids, such discretion must be exercised based upon clearly defined criteria, and may not be exercised arbitrarily or capriciously. Liberty County v. Baxter's Asphalt & Concrete, Inc., 421 So.2d 505 (Fla.1982), Miami-Dade County, supra, at 1088, City of Miami Beach, supra.

13. The City of Sweetwater published an Invitation to Bidders, which indicated that the Stormwater Improvement Contract would be awarded to the lowest responsible bidder. Solo Construction Corporation was the lowest responsible bidder. The bid review committee commenced a competition to find the most responsible bidder based upon categories and criteria that were not advertised in the bid documents. The committee members completed their scoring in a random and sometimes haphazard manner. Rather than following the award process advertised in the bid documents or provided in the City Code, the award process for the Stormwater Improvement Project seemed to be improvised as it went along and was based upon the fundamentally flawed logic that the project could be awarded to the most responsible bidder.
[6-10] 14. In Decarion v. Monroe County, 853 F.Supp. 1415 (S.D.Fla.1994) the United States District Court for the Southern District of Florida defined arbitrary and capricious for substantive due process purposes to include acts taken with improper motive, without reason or for a reason which is merely pretextual. The City of Sweetwater's actions, in attempting to award the contract to the most responsible bidder as opposed to the lowest responsible bidder, demonstrates that the attempted award was made without reason, or for a reason that is merely pretextual in that it is devoid of any legal basis. Accordingly, the City's decision to award the contract to United Engineering Corporation was arbitrary and capricious and based upon criteria that were neither included in the bid documents nor clearly defined in any manner whatsoever.
15. The City of Sweetwater's actions in attempting to award the contract to United Engineering Corporation are, not only, arbitrary and capricious, but also, are contrary to Florida's competitive bid statutes. Florida Statute Section 255.20 requires municipalities to competitively award contracts that cost in excess of $200,000.00. Section 255.20(1)(b)1 requires that when a contract is to be awarded based upon price, the contract is to be awarded to the lowest qualified and responsive bidder, in accordance with the applicable municipal ordinance. Section 2-13 of the City of Sweetwater Code provides that the City of Sweetwater City Counsel will accept the bidder of the lowest responsible bidder who will perform the contract in a manner most beneficial to the City. Since Solo Construction Corporation was a responsible bidder, submitted the lowest bid, and offered to perform the contract in the shortest span of time, the City was legally required to award the Stormwater Improvement Contract to Solo. The City's attempt to award the Stormwater Improvement contract to United as the most responsible bidder is inconsistent with the requirements of the City Code, with the requirements of *803 Florida Statute Section 255.20 and is contrary to law. An award to a contractor other than the lowest responsible, responsive bidder would unfairly circumvent the intent of competitive bidding standards. See Engineering Contractors of South Florida, Inc. v. Broward County, 789 So.2d 445 (Fla. 4th DCA 2001).
16. Solo Construction Corporation, as the lowest responsible, responsive bidder has proven a clear legal right to the award of the Contract for Stormwater Improvements, and it has no adequate remedy at law for monetary damages. The competitive bid laws of this state serve a clear public interest, and the City's actions constitute a departure from the requirements of such laws.
17. A permanent injunction is hereby issued, enjoining Defendant, the City of Sweetwater, from proceeding to contract with any entity other than Solo Construction Corporation for the Stormwater Improvements contract. A Writ of Mandamus is hereby issued compelling Defendant, the City of Sweetwater, its Mayor and Commissioners to act in accordance with the requirements of its City Code, Florida law and the Invitation to Bidders and Award the Contract for Stormwater Improvements to Solo Construction Corporation.
18. As the City's actions to attempt to award the contract to United violates the dictates of Section 255.20, Solo Construction Corporation is entitled to an award of attorney's fees and costs and the Court reserves jurisdiction to determine the amount of such fees and enter judgment in accordance therewith.
DONE and ORDERED in Chambers this 13th day of Nov., 2001, in Miami Dade County, Florida.
Affirmed.
SCHWARTZ, C.J., and SORONDO, J., concur.
COPE, J. (concurring in part and dissenting in part).
We should modify the injunction so as to give the City of Sweetwater the option, if it chooses, to reject all bids and start over again. Admittedly, the City did not request that relief in the trial court, or here, and the possibility was first raised at oral argument. Under the circumstances of the present case, however, it would be advisable to allow that option.
Appellee Solo Construction Corporation was the low bidder on a $2.1 million Stormwater Improvement Project. After the bids were opened, the City checked the references of each of the bidders. Solo received critical comments from two districts of the Florida Department of Transportation. These comments were to the effect that Solo had caused some damage to existing utilities; required close supervision; and aggressively initiated change orders, which they may or may not have been entitled to.
After considering the references received on all of the bidders, the City concluded that the best bidder from the City's viewpoint was the bid of United Engineering Corporation. United's bid was $2.3 million.
Under the bidding documents, the City was required to award the bid to the lowest responsive and responsible bidder. Although the City had obtained negative comments about Solo, the City did not deem these comments to be such that Solo would no longer be considered "responsible" under the bid documents. The City's position was that while Solo was a responsible and responsive bidder, United was the most responsive and responsible bidder.
We would have a different case if the City had disqualified Solo on the basis of *804 the negative references, as not being a "responsible" bidder. However, the City did not take that position. The City did not disqualify Solo, but instead awarded the bid to United essentially on the basis that United was the better contractor.
I agree with Judge Wilson and the majority that this evaluation process was not contemplated by the bid documents. Thus, the court was correct in overturning the City's decision to award this contract to United.
However, Solo acknowledges that under Florida law, it is permissible for a city to award a public contract on the basis of an evaluation process. According to Solo, if Sweetwater wanted to handle the contract that way, Sweetwater should have included the evaluation process as part of the bid documents.[1]
While the City in this case acted outside of the discretion allowed by the bid documents, the trial court found no illegality, fraud, oppression or misconduct. See Department of Transp. v. Groves-Watkins Constructors, 530 So.2d 912, 913 (Fla. 1988); Liberty County v. Baxter's Asphalt & Concrete, Inc., 421 So.2d 505, 507 (Fla. 1982).
In short, the City was exercising discretion in this case which it believed it had (but which it did not) under the bid documents. Since it would be permissible for the City to conduct a comparative evaluation if provided for in the bid documents, and since there was no finding of bad faith or misconduct in this case, the trial court's injunction should be modified to allow the City to reject all bids, and start over with appropriate bid documents. The existing bid documents contain the following provision: "The Owner [the City] reserves the right to reject any and all Proposals for any reason where the Owner deems rejection to be in its best interest...." Invitation to Bid ¶ 18. Under the circumstances present here, the City should be allowed to start over if it so chooses.

On Motion for Rehearing
PER CURIAM.
Rehearing denied.
SCHWARTZ, C.J., and SORONDO, J., concur.
COPE, J. (dissenting).
The City of Sweetwater has moved for rehearing on the issue of attorney's fees.
Paragraph eighteen of the trial court's judgment awarded fees to the appellee, Solo Construction Corporation under subsection 255.20(4), Florida Statutes (2001).
The City's motion is well taken. The statute does not apply here and Solo is not entitled to attorney's fees.
The statute provides:
(4) Any qualified contractor or vendor who could have been awarded the project had the project been competitively bid shall have standing to challenge the propriety of the local government's actions when the local government seeks to invoke the provisions of this section. The prevailing party in such action shall be entitled to recover its reasonable attorney's fees.
§ 255.20(4), Fla. Stat. (2001) (emphasis added).
By its terms, the statute applies where the governmental entity fails to put a project out for competitive bidding. In that situationwhere the local government fails to use any competitive bidding procedure at allthe challenging contractor is entitled to an award of attorney's fees.
*805 The statute has no application to the case now before us. In the present case the project was put out for bid, and we are dealing with a bid contest. The statute does not provide attorney's fees for bid contests.[*] We should grant rehearing and reverse the attorney's fee award.
NOTES
[1] Solo says that such an evaluation process is normally handled as a request for proposal or request for qualifications. See § 255.20(1), Fla. Stat. (2001).
[*] The City filed legislative history consisting of several committee reports relating to the 1999 statutory amendment which added this attorney's fee provision. The legislative history confirms that the problem being addressed was the failure of some local governments to put projects out for bid, despite a requirement that they do so. See Fla. H.R. Comm. on Comm'y. Aff., HB867 (1999) Staff Analysis (March 9, 1999) (on file with comm.); Fla. H.R. Comm. on Comm'y. Aff., HB867 (1999) Staff Analysis (rev. March 17, 1999) (on file with comm.); Fla. H.R. Comm. on Bus. Reg. & Consumer. Aff., HB 867 (1999) Staff Analysis (March 23, 1999) (on file with comm.); Fla. H.R. Comm. on Bus. Reg. & Consumer Aff., HB867 (1999) Staff Analysis (rev. March 29, 1999) (on file with comm.).