POLEN, J.
 

 The appellant, American Engineering & Development Corp. (“American Engineering”), appeals the trial court’s order denying its Verified Second Amended Emergency Motion for Temporary Injunctive Relief. American Engineering, the lowest bidder on a public project, sought to enjoin the Town of Highland Beach (“Town”) from contracting with the second-lowest bidder. The Town had determined that American Engineering did not meet the bid specifications and awarded the contract to the next-lowest bidder, which the Town determined was a qualified, responsive, and responsible bidder. We agree with the trial court that American Engineering did not demonstrate a likelihood of success on the merits to justify the award of a temporary injunction.
 

 Section 255.20(l)(d)l., Florida Statutes (2009), states that if public construction work “[i]s to be awarded based on price, the contract must be awarded to the lowest qualified and responsive bidder in accordance with .the applicable county or municipal ordinance or district resolution and in accordance with the applicable contract documents.” Although the term “qualified and responsive bidder” is not defined in the statute with respect to public construction work, the definitions of “responsible lessor” and “responsive lessor” in the same chapter may be analogized to provide a suitable definition of the term. A responsible, or qualified, bidder is one “who has the capability in all respects to fully perform the contract requirements and the integrity and reliability that will assure
 
 *1001
 
 good faith performance.” § 255.248(5), Fla. Stat. (2009). A responsive bidder is one “that has submitted a bid, proposal, or reply that conforms in all material respects to the solicitation.” § 255.248(7), Fla. Stat. (2009).
 

 Arguing that it should have been awarded the contract, American Engineering relies on
 
 City of Sweetwater v. Solo Construction Corp., 823
 
 So.2d 798 (Fla. 3d DCA 2002).
 
 Sweetivater
 
 is distinguishable, however, because in
 
 Sweetwater,
 
 the city received bids from multiple companies, all of which met the bid specifications.
 
 Id.
 
 at 801. Instead of awarding the contract to the lowest bidder, the city continued to evaluate the companies to determine the “most responsible” bidder based on criteria that were not advertised as part of the bid manual.
 
 Id.
 
 at 800. In this appeal, however, American Engineering did not meet the bid specifications. American Engineering did not list projects performed for municipalities or projects on which it was the prime contractor, as the bidding specifications required; therefore, American Engineering was not a responsive bidder. The Town’s decision to award the contract to the second-lowest bidder was permissible pursuant to section 255.20(l)(d)l., Florida Statutes, which states that the competitive bidding requirement “is not intended to restrict the rights of any local government to reject the low bid of a nonqualified or nonrespon-sive bidder and to award the contract to any other qualified and responsive bidder.”
 

 Affirmed.
 

 STEVENSON and GERBER, JJ„ concur.